RANDELL L.D. SMITH, Plaintiff-Appellant, v. MENOLD CONSTRUCTION, INC., d/b/a Menold Restoration, Defendant-Appellee.

Fourth District   No. 4—03—0811

Opinion filed June 9, 2004.

Randall L.D. Smith, of Bloomington, *pro se.*

Karen L. Kendall, David A. Perkins, and Mark A. Ludolph, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In December 2002, plaintiff, Randell L.D. Smith, filed a five-count complaint against defendant, Menold Construction, Inc., doing business as Menold Restoration. Defendant did not receive service of process until June 2003. In July 2003, defendant filed a motion to dismiss, asserting, *inter alia,* plaintiff's complaint should be dismissed pursuant to Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)) because plaintiff failed to exercise due diligence to obtain service on defendant. After a hearing on defendant's motion, the trial court granted the motion and dismissed the action with prejudice because the statute of limitations had expired

Plaintiff appeals *pro se,* asserting (1) the trial court erred in finding he had not exercised due diligence in serving defendant and (2) the statutes of limitations had not expired on three of his five claims. We affirm in part, reverse in part, and remand with directions.

## I. BACKGROUND

In May 1998, plaintiff's home located on Ireland Grove Road in Bloomington, Illinois, was severely damaged by fire. Defendant admitted in a prior case that the parties had entered into a written agreement, under which defendant would repair the fire damage to plaintiff's home. Smith v. Menold Construction, No. 01—L—25 (Cir. Ct. McLean Co.).

In the prior case, plaintiff filed a February 2001 complaint against defendant, asserting breach of contract and common-law negligence. Defendant filed an answer to the breach-of-contract count and a motion to dismiss the common-law negligence count. In May 2001, the McLean County circuit court approved defendant's current counsel to be substituted as defendant's counsel in that matter. Plaintiff later amended his complaint to include claims of the following: common-law fraud, a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 through 12 (West 1998)), theft and conversion, and aggravated home repair fraud (815 ILCS 515/5 (West 1998)). In August 2001, the circuit court dismissed the theft and conversion count and the aggravated home repair fraud count. In February 2000, plaintiff rejected the arbitrator's award that had found in favor of defendant on all of the remaining counts. In June 2002, plaintiff filed a motion for voluntary dismissal, which the circuit court granted. Smith v. Menold Construction, No. 01—L—25 (Cir. Ct. McLean Co.).

On December 27, 2002, plaintiff filed *pro se* the complaint at issue, asserting the following claims: (1) breach of contract (count I), (2) common-law fraud (count II), (3) a violation of the Consumer Fraud Act (count IV), (4) theft and conversion (count V), and (5) aggravated home repair fraud (count VI). Plaintiff attached to his complaint (1) a June 6, 1998, repair estimate from defendant; (2) a June 8, 1998, proposal from defendant, for which the acceptance of proposal had not been signed; and (3) correspondence between the parties regarding responsibility for unfinished work (including a May 27, 1999, letter written by plaintiff). The trial court entered a May 1, 2003, docket entry, noting plaintiff failed to appear at the case-management conference and ordering plaintiff to obtain service and to set the matter for another conference within 30 days. On June 11, 2003, defendant received service of process.

In July 2003, defendant filed a motion to dismiss plaintiff's complaint for several reasons, including lack of due diligence in service of process pursuant to Rule 103(b). In its request for dismissal under Rule 103(b), defendant asserted plaintiff's complaint should be dismissed with prejudiced because "the appropriate statute of limitations has expired."

In turn, plaintiff filed a motion to strike defendant's motion to dismiss as well as a reply to defendant's motion. With his reply, plaintiff attached his affidavit and several exhibits. In his affidavit, plaintiff stated that, on December 27, 2002, he sent a copy of the summons and complaint to Developmental Research Consultants, Inc. (DRC), a process server. A copy of the December 27, 2002, letter to

DRC was attached as an exhibit. The letter listed DRC's address as 7501 North University, Suite 17A, Peoria, Illinois, and defendant's address as 1050 West Jefferson Street, Morton, Illinois. The letter also requested DRC to bill plaintiff for its services. According to plaintiff, that letter was returned to him.

On January 2, 2003, plaintiff sent another letter to DRC, which was also attached to his affidavit. That letter is the same as the first except that it listed DRC's address as 414 Hamilton Boulevard, Peoria, Illinois. Plaintiff did not hear back from DRC and assumed it had served defendant. Plaintiff later received a copy of the trial court's May 1, 2003, docket entry, which was when he first learned DRC had not served defendant. The record indicates a copy of the docket entry was mailed to plaintiff on June 5, 2003.

Upon receiving the docket entry, plaintiff went to the McLean County circuit clerk's office and requested the issuance of an alias summons. The record indicates the alias summons was issued on June 9, 2003. After receiving the summons, plaintiff wrote a letter that same day to another process server, Sloan Investigation and Process Service (Sloan), which listed the same address for defendant as the letters to DRC. Plaintiff then received a bill dated June 11, 2003, from Sloan. The record indicates Sloan served defendant on June 11, 2003. Plaintiff later learned DRC went out of business in September 2002. Plaintiff filed another reply to the motion to dismiss, asserting that, if he had known the first process server had gone out of business, he would have immediately hired another process server to do the job.

In August 2003, defendant filed a supplement to its motion to dismiss, attaching copies of the documents filed in the prior case, requesting the trial court to take judicial notice of the prior case, and asserting plaintiff knew where defendant could be served and the identity of defendant's counsel. Plaintiff also supplemented his evidence with an affidavit from Susan Foster and a page from the 2002-03 Peoria area Yellow Book that listed DRC under the title "process servers" with the University Street address. Foster stated she informed plaintiff on June 9, 2003, that, to her knowledge, DRC was no longer in business. Thereafter, she spoke to Natalie Stoessel, a former DRC employee, who stated DRC had gone out of business around September 2002.

In August 2003, the trial court held a hearing on defendant's motion to dismiss only as it related to Rule 103(b). At the hearing, the court asked plaintiff why he was not obligated to check and make sure the process server had in fact served defendant. It also inquired if plaintiff had a tickler system. Plaintiff replied that, when he sent the letter to DRC, he assumed it was processed because he had "stuff" to

do besides work on this case. Plaintiff also stated he knew Sloan had served defendant because he received a bill. Additionally, plaintiff admitted he knew, from the prior lawsuit, what law firm represents defendant. Near the end of the hearing, the court explained that, if the case was dismissed, it would be with prejudice because it was past the statute of limitations.

On September 16, 2003, the trial court entered a written order, considering the applicable factors and concluding plaintiff failed to show he acted with reasonable diligence in obtaining service on defendant. The court found plaintiff (1) knew where defendant was located and who its attorneys were and (2) did not have a system to check on whether service had been accomplished because "he had 'other things to do.' " Accordingly, the court dismissed the case with prejudice "since the statute of limitations has now expired." This appeal followed.

## II. ANALYSIS

### A. Rule 103(b)

■ Defendant asserts the trial court erred in finding he had not exercised due diligence in serving defendant. The determination of whether a plaintiff has exercised reasonable diligence under Rule 103(b) rests within the trial court's sound discretion, and this court will not disturb the trial court's judgment absent an abuse of that discretion. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 950, 759 N.E.2d 129, 134 (2001). A court abuses its discretion only if its decision was "clearly against logic." *State Farm Fire & Casualty Co. v. Leverton*, 314 Ill. App. 3d 1080, 1083, 732 N.E.2d 1094, 1096 (2000).

Under Rule 103(b), the plaintiff has the burden of showing reasonable diligence in service of process. *Segal v. Sacco*, 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720 (1990). In ruling on a Rule 103(b) motion, a court may consider the following nonexclusive factors: (1) the length of time used to obtain service of process; (2) the plaintiff's activities; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) the defendant's actual notice or knowledge of the pendency of the suit or the lack of prejudice to the defendant; (6) special circumstances that would affect the plaintiff's efforts; and (7) actual service on the defendant. These factors must be considered "with a view toward fulfilling the constitutional mandate of rendering justice fairly and promptly." *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377, 561 N.E.2d 25, 27 (1990). Additionally, while the court may consider the defendant's lack of prejudice, the defendant does not have the burden to establish he was prejudiced by the delay. See *Tischer v. Jordan*, 269 Ill. App. 3d 301, 307, 645 N.E.2d 991, 995 (1995).

■ Here, plaintiff served defendant more than five months (23 weeks) after his complaint had been filed. Courts have found the plaintiff lacked due diligence in service where a delay of similar length occurred. See *Kreykes Electric, Inc. v. Malk & Harris*, 297 Ill. App. 3d 936, 943, 697 N.E.2d 885, 890 (1998) (five months); *Paglis v. Black*, 178 Ill. App. 3d 1062, 1064, 534 N.E.2d 206, 208 (1989) (5½ months).

As to plaintiff's activities, he did immediately attempt to serve defendant by trying to deliver the summons to a process server, which suggests diligence (see *Kincaid v. Ames Department Stores, Inc.*, 283 Ill. App. 3d 555, 563, 670 N.E.2d 1103, 1109 (1996)). However, once plaintiff sent the second letter to the process server, he did nothing. At the time of its ruling, the trial court concluded defendant still would not have been served had it not notified plaintiff that he failed to appear at a case-management conference.

This court has found a plaintiff has a nondelegable duty to (1) assure the clerk issued the summons, (2) deliver the summons to the process server for service, and (3) see the process server made a prompt and proper return. *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125, 129, 501 N.E.2d 367, 369 (1986). While plaintiff did not know DRC was out of business when he requested DRC to serve defendant, he had a duty to ensure an actual process server received the summons and then served defendant. Thus, plaintiff's failure to verify that DRC did receive the summons and serve defendant indicated a lack of due diligence.

Moreover, plaintiff knew where defendant was located and knew who defendant's attorneys were and their location. Defendant also had no knowledge of the case until it received service but did not appear to suffer prejudice from the delay. Additionally, while plaintiff was proceeding *pro se*, the record indicates he was familiar with the legal process, and no special circumstances existed.

Based on the above facts, we find the trial court did not abuse its discretion in finding plaintiff lacked due diligence in serving defendant, requiring dismissal under Rule 103(b).

### B. Statutes of Limitations

■ Plaintiff also contends the trial court erred in dismissing his case with prejudice because the statutes of limitations had not run on his breach of contract, common-law fraud, and theft and conversion claims (counts I, II, and V). Defendant asserts plaintiff has forfeited this argument by failing to raise it in the trial court.

We decline to address whether plaintiff has forfeited this argument. The rule of forfeiture is a limitation on the parties, not the court. *In re D.F.*, 208 Ill. 2d 223, 238, 802 N.E.2d 800, 809-10 (2003). A

reviewing court may override considerations of forfeiture in further-ance of its responsibility to maintain a sound and uniform body of precedent. *D.F.*, 208 Ill. 2d at 239, 802 N.E.2d at 810. Thus, even if plaintiff has forfeited his argument, we would choose to address the is-sue on the merits.

■ Under Rule 103(b), a dismissal will be with prejudice only where the statute of limitations has expired before the trial court enters its dismissal order. See *Kole*, 325 Ill. App. 3d at 954, 759 N.E.2d at 137; 177 Ill. 2d R. 103(b), Committee Comments, at xxvii.

In this case, defendant's petition simply stated the dismissal should be with prejudice because the statute of limitations had run. Defendant offered no law or facts in support of its conclusion. Plaintiff did not address the statutes of limitations in his reply to defendant's motion to dismiss. At the hearing on the motion, neither party ad-dressed the statutes of limitations. However, near the end of the hear-ing, the trial court explained to plaintiff that, if it dismissed the case, it would be with prejudice because the statute of limitations had expired.

In support of its forfeiture argument, defendant argues no facts were presented to form a basis for applying the discovery rule in determining the applicable statutory period, and thus this court lacks the facts needed to determine whether the statutes of limitations have expired. Moreover, defendant argues a question exists as to what statute is applicable. Defendant points to plaintiff as the party responsible for addressing the statutes of limitations at the Rule 103(b) hearing.

While the case law is clear that the plaintiff has the burden of showing reasonable diligence (*Sacco*, 136 Ill. 2d at 286, 555 N.E.2d at 720), the question of who bears the burden of proving the applicable statute of limitations has expired with a Rule 103(b) motion is a mat-ter of first impression. This question is an important one in a case such as this where plaintiff has raised five different causes of action against defendant with potentially five different statutes of limita-tions.

A dismissal with prejudice under Rule 103(b) is similar to a dismissal pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 2002)), which allows dismissal on the ground "[t]hat the action was not commenced within the time limited by law." With such a motion, the defendant bears the initial burden of going forward on the motion; the burden then shifts to the plaintiff, who must establish the ground asserted either is unfounded as a matter of law or requires the resolution of an essential element of material fact before it is proved. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997).

Accordingly, we find that, with a Rule 103(b) motion, the defendant bears the initial burden of demonstrating the statute of limitations period has expired (or will expire before the trial court rules) before the burden is shifted to the plaintiff. Our conclusion is also supported by the fact that a statute of limitations is an affirmative defense, which a defendant forfeits if not raised. See *Goldman v. Walco Tool & Engineering Co.*, 243 Ill. App. 3d 981, 989, 614 N.E.2d 42, 48 (1993).

■ In this case, defendant's conclusory statement that "the applicable statute of limitations has expired" was insufficient to meet its initial burden, and thus plaintiff did not have the burden to prove the statutes of limitations had not expired on his claims. Since defendant did not meet its burden of showing the statutes of limitations had expired, the trial court erred in dismissing with prejudice plaintiff's complaint.

On appeal, plaintiff has only challenged the trial court's ruling as to three of his five counts. Since this is an issue of first impression, we remand the case to the trial court for a hearing consistent with this opinion on the sole issue of whether the September 16, 2003, dismissal should have been with prejudice as to counts I, II, and V.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's finding plaintiff did not exercise due diligence in serving defendant and its dismissal of counts IV and VI with prejudice; reverse the court's dismissal with prejudice of counts I, II, and V; and remand for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded with directions.

KNECHT, P.J., and STEIGMANN, J., concur.