Joanne VOOGD, Plaintiff–Appellant,

v.

PAVILION FOUNDATION,
Defendant–Appellee.

No. 04–2307.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Nov. 24, 2004.

Before BAUER, MANION, and WOOD,
Circuit Judges.

ORDER

Joanne Voogd sued her former employer, Pavilion Foundation, in Illinois state court for disability discrimination, and some time later filed a similar action in federal court. After Pavilion removed the state action to the Northern District of Illinois, the district court dismissed Voogd's case under Illinois Supreme Court Rule 103(b) for failure to exercise reasonable diligence in serving process. We affirm.

Voogd's efforts to sue her former employer have generated a complex procedural history. First, in June 2002 she filed a timely complaint in state court ("state action") alleging that Pavilion had dis-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

charged her in retaliation for seeking accommodation for a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. Voogd never served Pavilion, and it was not until after she had filed a second, essentially identical, complaint in federal court ("federal action") that Pavilion learned of the pending state action. Because Voogd was proceeding *in forma pauperis* in the federal action, the U.S. Marshal served Pavilion with the summons and complaint. In April 2003 Pavilion removed the state action to the Northern District of Illinois. Pavilion moved to dismiss both the federal action-because it was filed more than 90 days after the EEOC had issued a right to sue letter in March 2002–and the state action-because Voogd had failed to effect service of process.

After initially denying both motions, the district court reconsidered and in July 2003 dismissed the federal action, finding it "superfluous" in light of the removed state action. The court also directed Voogd to serve Pavilion in the removed state action, which she finally did in August 2003–14 months after she had initiated the suit. Pavilion then moved to dismiss the action under Illinois Supreme Court Rule 103(b), which allows dismissal of an action when the plaintiff has failed to exercise reasonable diligence to obtain service on a defendant.

The district court granted Pavilion's motion to dismiss under Rule 103(b). Noting that "Voogd does not dispute that she made no effort to serve Pavilion," the court held that neither Voogd's pro se status nor her alleged disability justified her failure to effect service. The court was unpersuaded by Voogd's argument that her Attention Deficit Hyperactivity Disorder (ADHD) prevented her from serving Pavilion, because she had submitted an affidavit stating that she "had no knowledge" that she was required to do so, and ignorance of the law did not excuse a failure to obtain service for 14 months.

■ At the outset, we address Pavilion's threshold argument that we should dismiss Voogd's appeal under Rule 28(a)(9) and Rule 30 of the Federal Rules of Appellate Procedure because her brief lacks an assignment of error supported by a statement of facts, citations to legal authority and the record below, and an appendix. Under Rule 28, a brief "must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Even pro se litigants must submit briefs from which we can "discern cogent arguments." *Id.* Voogd's brief is deficient in several respects, but because she has alleged error with sufficient detail, we will consider the merits of her argument.

■ The crux of Voogd's argument on appeal is that the district court improperly found that her ADHD, which she characterizes as a "neurological disorder," was irrelevant to her failure to effect service on Pavilion. Voogd asserts that she was reasonably diligent in serving Pavilion. Specifically, she maintains that under the applicable Illinois law, her disorder constitutes a "special circumstance" that excuses the delay.

Federal courts may apply state procedural rules to pre-removal conduct. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir.2001). In particular, a suit filed in state court and removed to federal court may be dismissed under state procedural rules regarding service of process. *Id.* at 1122–23. Illinois Supreme Court Rule 103(b) allows a suit to be dismissed when the plaintiff has failed to exercise reasonable diligence in effecting service of process. The Illinois Supreme Court has developed a nonexhaustive list of factors

for courts to consider when evaluating a motion to dismiss under Rule 103(b). These include: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. *Segal v. Sacco,* 136 136 Ill.2d 282, 144 Ill.Dec. 360, 555 N.E.2d 719, 720–21 (2003). The Illinois Supreme Court has advised that these factors must be considered in light of the purpose of Rule 103(b), which is "to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." *Id.* at 721. The defendant does not have the burden of establishing that the delay was prejudicial, although the court may consider whether there was prejudice. *Smith v. Menold Constr., Inc.,* 348 Ill.App.3d 1051, 285 Ill.Dec. 116, 811 N.E.2d 357, 361 (2004).

On the record before us, we cannot say that the district court abused its discretion in dismissing this action. Voogd did not establish that she had exercised reasonable diligence; indeed, as the district court noted, Voogd did not dispute that she made no effort to serve Pavilion until directed to so. Here, Voogd argues only that the district court improperly rejected the argument that ADHD impairs her ability to process and remember information and that "special circumstances" therefore excuse her from not obtaining service of process in a timely manner. Under Illinois law, however, once a defendant has shown that the length of time between filing and service suggests a lack of diligence, the plaintiff must demonstrate "with specificity and in conformity with the rules of evidence, that reasonable diligence was exercised." *Kole v. Brubaker,* 325 Ill.App.3d 944, 259 Ill.Dec. 649, 759 N.E.2d 129, 134 (2001). Voogd introduced no evidence, other than her own affidavit, to support her assertion that she has ADHD and that this condition renders her incapable of complying with the court's rules. Even if Voogd's disorder were substantiated, the existence of special circumstances is but one factor to consider, and does not outweigh the remaining considerations, which favor Pavilion.

Furthermore, Voogd's affidavit reveals that she was unaware that she had to serve defendants with process, and as the district court held, ignorance of the rules does not excuse a failure to comply with them. In Illinois, "pro se litigants are presumed to have full knowledge of applicable court rules and procedures," *Steinbrecher v. Steinbrecher,* 197 Ill.2d 514, 259 Ill.Dec. 729, 759 N.E.2d 509, 517 (2001). We too have held that despite the leniency sometimes accorded pro se litigants, they must comply with procedural rules because strictly enforcing procedural requirements is "the best guarantee of evenhanded administration of the law." *Members v. Paige,* 140 F.3d 699, 702 (7th Cir.1998) (internal quotations omitted). The district court did not abuse its discretion in granting Pavilion's motion to dismiss.

AFFIRMED.