In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 19-2268 & 19-2425

SEAWAY BANK & TRUST COMPANY,

*Plaintiff-Appellee,*

*v.*

J&A SERIES I, LLC, SERIES C, *et al.*,

*Defendants-Appellants.*

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-07213 — **Charles R. Norgle**, *Judge.*

ARGUED DECEMBER 6, 2019 — DECIDED JUNE 18, 2020

Before ROVNER, BRENNAN, and ST. EVE, *Circuit Judges.*

ROVNER, *Circuit Judge.* J&A Series I, LLC, Series C ("J&A
Series"), J&A Investment Group, LLC ("J&A Investment"), and
Adam Ackerman (collectively "J&A Parties") appeal from the
district court's dismissal of the petition they filed under 735
ILCS 5/2-1401. We affirm.

**I.**

In October of 2012, Seaway Bank & Trust Co. ("Seaway") filed an action in the Circuit Court of Cook County against the J&A Parties and others to collect on two loans issued by its predecessor in interest. The debts were guaranteed by Ackerman and secured by a mortgage on a Chicago property. In August of 2013, the court entered a judgment of foreclosure. By early 2014, the court had approved the sale of the mortgaged property and entered a deficiency judgment against Ackerman in the amount of $116,381.

In January of 2017, the Illinois Department of Financial and Professional Regulation, Division of Banking, closed Seaway. The Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver and set a claims bar date of May 3, 2017. Although the FDIC published notice of the bar date, the J&A Parties filed no timely claims with the FDIC. Instead, several months after the bar date, on September 8, 2017, the J&A Parties filed a Petition to Quash Service ("Petition") against the FDIC in the state-court lawsuit that Seaway had filed in 2012. The Petition, which was filed pursuant to section 2-1401 of the Illinois Code of Civil Procedure, asserted that Seaway's 2012 service of process had been defective in several ways.[1] The J&A

---

[1] The J&A Parties asserted that: (1) the summonses did not name J&A Investment or Ackerman; (2) the summonses spelled J&A Series' name with an Arabic numeral "1" instead of a Roman numeral "I;" (3) service of process on J&A Series should have been made upon the Illinois Secretary of State instead of the registered agent because the limited liability company had been dissolved; and (4) the affidavit of service did not contain the full name of J&A Series. These purported defects are not relevant to the

(continued...)

Parties requested that: (1) the state court quash service of process as to the J&A Parties; (2) vacate as void all orders that had been entered against them; (3) find that lack of personal jurisdiction over the J&A Parties was apparent on the face of the record; and (4) award any further relief that the court deemed just. Although they did not expressly seek return of the property, they argued below that, once the relief sought in the Petition was granted, they were entitled to restitution in the form of the return of the title and possession of the property from the current title holder.[2] The FDIC, which had been named as a party in the Petition, removed the proceeding to the District Court in the Northern District of Illinois. *See* 12 U.S.C. § 1819(b)(2)(B) (providing for removal from a state court to the appropriate federal district court of any action, suit, or proceeding filed against the FDIC); 28 U.S.C. § 1441 (providing for removal of civil actions).

The FDIC then sent to each of the J&A Parties a "Notice to Discovered Claimant to Present Proof of Claim" ("Notice"). Contemporaneously, the FDIC moved in the district court to stay the proceedings in order to allow the J&A Parties to exhaust the mandatory claims process required by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). *See* 12 U.S.C. § 1821(d), subsections (3) through (13) (setting forth the authority of the FDIC as receiver to determine claims and the procedures for doing so). The

---

[1] (...continued)
resolution of this appeal.

[2] After the foreclosure, the property was sold to a third party.

Notices advised the recipients that, because the claims bar date had passed, they were required to submit a proof of claim, and also prove to the FDIC's satisfaction that the late-filed claim exception applied. The court granted the stay but the J&A Parties did not submit any claims to the FDIC by the November 2018 submission deadline set in the Notices.[3]

The FDIC then moved to dismiss the proceeding on the ground that the J&A Parties failed to exhaust the mandatory FIRREA claims process, and therefore the district court lacked subject matter jurisdiction over the action. *See* 12 U.S.C. § 1821(d)(13)(D). The J&A Parties opposed the motion, arguing that it was unripe for adjudication and that it sought improper relief. Specifically, the J&A Parties asserted that FIRREA's jurisdiction-stripping provision applied only to claims seeking *payment* from a failed bank, and that the J&A Parties' Petition did not seek payment. Rather, it sought to quash service and vacate void orders from the original litigation. Only if the court granted that non-monetary relief, the J&A Parties argued, could they then pursue restitution in the form of "possessory relief," or the return of their property. They would seek monetary relief only if the property could not be restored to them, they contended. In essence, the J&A Parties contended that the FDIC's motion was not ripe for adjudication because they were not yet seeking the return of the property or monetary relief, but also that they were automatically entitled to the return of their property or monetary relief should their Petition be granted.

---

[3] The three Notices were sent in late August and early September 2018, and listed submission deadline dates in late November 2018.

In reply, the FDIC pointed out that section 1821(d)(13)(D) is not limited to claims for monetary relief, but bars courts from reviewing "any claim or any action seeking a determination of rights with respect to the assets of any depository institution for which the FDIC-R has been appointed receiver," as well as "any claim relating to any act or omission of such institution or the Corporation as receiver." All such claims, the FDIC argued, are first subject to the mandatory administrative claims process. The district court granted the FDIC's motion, finding that it lacked subject matter jurisdiction over the section 2-1401 Petition because the J&A Parties had failed to exhaust administrative remedies. The J&A Parties appeal.

## II.

On appeal, the J&A Parties challenge the district court's conclusion that it lacked jurisdiction over the section 2-1401 Petition. We review *de novo* the district court's order dismissing the J&A Parties' Petition for lack of subject matter jurisdiction. *Miller v. F.D.I.C.*, 738 F.3d 836, 840 (7th Cir. 2013). We may affirm a dismissal for lack of subject matter jurisdiction on any ground supported by the record. *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018). FIRREA, which was enacted in response to the savings and loan crisis of the 1980s, facilitates the expeditious and efficient resolution of claims against failed banks. *Miller*, 738 F.3d at 840.

> To achieve this purpose, FIRREA allows, and in certain situations requires, the FDIC to take over failed banks and empowers it as receiver to allow or disallow claims asserted against them. … To ensure that claims are

> resolved quickly and efficiently, FIRREA
> establishes strict administrative prerequisites
> and deadlines that claimants must follow to
> lodge their claims and challenge any denials.
> … FIRREA bars claimants from taking claims
> directly to court without first going through
> an administrative determination.

*Miller*, 738 F.3d at 840 (citations and quotation marks omitted).

The J&A Parties contend that they were not properly served with process in the underlying foreclosure action in the Circuit Court of Cook County. As a result, they continue, the Circuit Court lacked personal jurisdiction over them, and so all orders entered in that action are void. The Petition asked only that the court quash service, void the orders, and declare that the lack of personal jurisdiction was apparent from the face of the record. The J&A Parties assert that, because the Petition did not seek financial restitution and asserted no claim for monetary relief from the FDIC, the jurisdiction-stripping provisions of section 1821(d)(13)(D) were not implicated, and the Petition should not have been dismissed.

In the district court, the FDIC argued for dismissal under either subsection (i) or (ii) of 1821(d)(13)(D). The district court focused largely on subsection (i) because of the J&A Parties' argument that they were not seeking monetary relief. The FDIC now asks us to focus on subsection (ii). Section 1821(d)(13)(D) provides, in its entirety:

> Limitation on judicial review

> Except as otherwise provided in this subsection, no court shall have jurisdiction over–
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).[4] To the extent that subsection (i) is limited to claims for payment (an issue we need not address here), subsection (ii) is not so constrained. Under the facts presented here, we find subsection (ii) to be the better fit for addressing the relief sought in the Petition.

Under subsection (ii), "[c]ourts lack authority to review FIRREA claims 'relating to any act or omission' of a failed bank or of the FDIC as receiver of a failed bank unless they are first subjected to FIRREA's administrative claims process." *Farnik v. F.D.I.C.*, 707 F.3d 717, 722 (7th Cir. 2013). That is precisely the nature of the J&A Parties' claim here. Under Illinois law, "a plaintiff has a nondelegable duty to (1) assure the clerk issued

---

[4]   The "[e]xcept as otherwise provided" clause refers back to section 1821(d)(6). That section allows claimants to seek judicial review of their claims after first exhausting the administrative process. *Miller*, 738 F.3d at 844–45; *Westberg v. F.D.I.C.*, 741 F.3d 1301, 1303 (D.C. Cir. 2014).

the summons, (2) deliver the summons to the process server for service, and (3) see the process server made a prompt and proper return." *Smith v. Menold Constr., Inc.*, 811 N.E.2d 357, 362 (Ill. App. Ct. 2004). *See also John Isfan Constr., Inc. v. Longwood Towers, LLC*, 52 N.E.3d 510, 517–18 (Ill. App. Ct. 2016) (when a limited liability company has been dissolved, "a plaintiff is required to serve process upon the Secretary of State, and it must also serve copies at the company's last registered office as well as the address that the plaintiff believes is most likely to result in actual notice. 805 ILCS 180/1–50(c)"). The J&A Parties asserted in their Petition that Seaway, the failed bank for which FDIC serves as receiver, failed to fulfill its duties with respect to service of process in the foreclosure action. *See* note 1, *supra*. That failure, in turn, resulted in the entry of void orders, they contend, orders that wrongfully deprived them of their property. Because the J&A Parties' claims relate to an act or omission of the failed bank, they were required to exhaust the FIRREA administrative claims process. Because they did not do so within the time permitted, the court lacked authority to consider their claims.

In response to this direct application of the statute, the J&A Parties contend that subsection (ii) is not implicated because it applies only to "claims" and they assert that their Petition does not present a "claim."[5] They relatedly argue that a "claim" in

---

[5] The J&A Parties concede that section 2-1401 petitions "are essentially complaints inviting responsive pleadings." *People v. Vincent*, 871 N.E.2d 17, 23 (Ill. 2007). Section 2–1401 authorizes a trial court to vacate or modify a final order or judgment in civil and criminal proceedings. *People v. Daniels*, 83 N.E.3d 4, 7 (Ill. App. Ct. 2017). "A proceeding under section 2–1401

(continued...)

the context of the statute must be limited to demands for monetary relief, an assertion contradicted by the broad language of the statute, as we have already noted. And they revive their argument that dismissal was premature because their ultimate claim for restitution in the form of possessory relief will not ripen unless and until a court quashes service and declares the orders in the underlying litigation void.

The statute does not define the word "claim," but several courts have addressed the meaning of that term. As used in FIRREA, the word "claim" is "a term-of-art that refers only to claims that are resolvable through the FIRREA administrative process." *Willner v. Dimon*, 849 F.3d 93, 106 (4th Cir. 2017) (quoting *American Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1142 (D.C. Cir. 2011)). *See also Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*, 43 F.3d 843, 848–49 (3d Cir. 1994) ("Logic dictates that the claims barred by paragraph (13)(D) must coincide with those that may be filed under the administrative procedures of paragraph (5)."). Moreover, claims under subsection (ii) are not limited to monetary relief but may include declaratory or other relief. *See Westberg*, 741 F.3d at 1305 n.1. *See also Willner*, 849 F.3d at 107 (collecting cases).

The J&A Parties contend that their claims seeking to quash service and vacate as void all orders entered against them are not resolvable in the FIRREA administrative process because

---

[5] (...continued)
constitutes an independent and separate action from the original action[.]" *Warren County Soil & Water Conservation Dist. v. Walters*, 32 N.E.3d 1099, 1105 (Ill. 2015).

only an Illinois court may void the orders. But the J&A Parties make clear that their ultimate goal is not simply to void state court orders; rather, they argue that once service is quashed and the orders voided, they are automatically entitled to restitution. In opposing the motion to dismiss filed by the FDIC below, the J&A Parties insisted that they were entitled to restitution in the form of possessory relief once the court granted the Petition:

> Restitution is the *right* of an aggrieved party. Ordering restitution is the *obligation* of a court responsible for an erroneous judgment. As such, if this Court should gran Petitioners' petition to quash and vacate the void orders against them, then it *must* order restitution. … Here, the subject property must be restored to Petitioners to achieve a return to the status *quo ante*.

R.16, at 6–7 (emphasis in original). In fact, they sought a declaration that the lack of personal jurisdiction was apparent from the face of the record because section 2-1401(e) protects bona fide third-party purchasers of real property from challenges to their rights under section 2-1401(f) unless the lack of jurisdiction was apparent on the face of the record. *See* 735 ILCS 5/2-1401(e)-(f). This makes clear the nature of the relief that the J&A Parties were seeking. The J&A Parties further argued that they would not be entitled to monetary relief unless the property could not be restored to them, at which point the proceeds from the sale of the property would be the appropriate relief. All of this demonstrates that the goal of the Petition was not simply to quash service or void orders in the

abstract; the J&A Parties wanted their property back in the form of possession or financial compensation. Critically, they contended that they were entitled to that relief because of an "act or omission" of the failed bank for which the FDIC serves as receiver. *Farnik*, 707 F.3d at 722.

Moreover, contrary to their assertion, the relief that the J&A Parties seek is within the power of the FDIC to provide through the mandatory administrative claims process and therefore meets the definition of a claim. The FDIC notes that it could have allowed an unsecured claim, for example, in the amount of the value of the property. The FDIC could also have entered into an agreed order to vacate the original judgment. If the J&A Parties had timely made this claim for the return of the property and the FDIC had disallowed it or offered inadequate relief, the J&A Parties would have been entitled under the statute to bring the matter to the district court for *de novo* review. *Farnik*, 707 F.3d at 721; 12 U.S.C. § 1821(d)(6)(A). By attempting to bypass the mandatory claims process altogether, the J&A Parties waived any argument that the FDIC could not provide adequate relief. *Willner*, 849 F.3d at 109 (by not timely submitting a claim to the FIRREA claims process, claimants waived their argument about how the FDIC would have resolved it); *Westberg*, 741 F.3d at 1308 n.3 (claimants may not circumvent FIRREA's exhaustion requirement by declining to pursue the remedies available to them and later arguing that such remedies are ineffective).

In their quest for restitution, the J&A Parties sought to avoid the mandatory administrative claims process through artful pleading. *See Farnik*, 707 F.3d at 722–23 (in applying section 1821(d)(13)(D)(ii), the court focuses "on the substance

of a claim rather than its form"). But "[l]itigants cannot avoid FIRREA's administrative requirements through strategic pleading." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012). Because the FDIC, through the administrative claims process, had the power to remedy the wrong that the J&A Parties claim to have suffered, the district court correctly concluded that it was without jurisdiction to entertain the Petition.

Before we conclude, we must address one final issue. After stating in its briefs that the district court had jurisdiction to resolve this matter, the J&A Parties asserted for the first time at oral argument that the district court lacked jurisdiction over the matter under the *Rooker-Feldman* doctrine, and that remand to the state court was appropriate. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the *Rooker-Feldman* bar is jurisdictional, this objection may not be waived. *Lennon v. City of Carmel, Ind.*, 865 F.3d 503, 506 (7th Cir. 2017).

Recall that the FDIC removed the case to the district court under 12 U.S.C. § 1819(b)(2)(B), which allows removal to federal court of any suit (with an exception that does not apply here) filed against the FDIC. Section 1819(b)(2)(A) provides (with the same inapplicable exception) that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." *See also F.D.I.C. v. RLI Ins. Co.*, 784 F.3d 1104, 1108 (7th Cir. 2015) (noting that the "district court had subject-matter jurisdiction over the suit under 12 U.S.C. § 1819(b)(2)(A), which provides that civil suits to which FDIC is a party arise under the laws of the United States");

*Buczkowski v. F.D.I.C.*, 415 F.3d 594, 595 (7th Cir. 2005) (noting that, with certain exceptions, all suits against the FDIC in any of its capacities "shall be deemed to arise under the laws of the United States" and hence may be removed under 28 U.S.C. § 1441(b)). *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The district court was thus well within its authority to determine whether exhaustion under FIRREA's administrative claims process was required. Having concluded that it was, and having determined that the J&A Parties failed timely to exhaust their claims, dismissal for lack of subject-matter jurisdiction under section 1821(d)(13)(D)(ii) was appropriate. Remand to the state court would have been improper because section 1821(d)(13)(D) provides that, in the absence of exhaustion of that process, "no court shall have jurisdiction over" a claim. *Miller*, 738 F.3d at 844–45. That includes state courts. *Cf. Mains v. Citibank, NA*, 852 F.3d 669, 678–79 (7th Cir. 2017) (finding a claim barred by both *Rooker-Feldman* and section 1821(d)(13)(D)).

AFFIRMED.