# Illinois Official Reports

## Appellate Court

---

### *Perik v. JPMorgan Chase Bank, N.A.*, 2015 IL App (1st) 132245

---

| | |
|---|---|
| Appellate Court Caption | SHARON PERIK, Plaintiff-Appellant, v. JPMORGAN CHASE BANK, N.A., Defendant-Appellee (Early Warning Services, LLC, Washington Mutual Bank and TCF National Bank, Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-2245 |
| Filed | June 5, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-3606; the Hon. William Gomolinski, Judge, presiding. |
| Judgment | Remanded with directions. |
| Counsel on Appeal | John N. Dore and Associates, of Chicago (John N. Dore, of counsel), for appellant.<br><br>Ulmer & Berne, LLP, of Chicago (Kenneth F. Berg and Heidi VonderHeide, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE PALMER delivered the judgment of the court, with opinion.<br>Justices McBride and Gordon concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff Sharon Perik appeals from an order of the circuit court denying her motion to vacate the decision of the American Arbitration Association (AAA) dismissing her arbitration claim against defendant JPMorgan Chase Bank, N.A. (Chase), as successor in interest to Washington Mutual Bank (WaMu). Plaintiff had sought arbitration of her claim that Chase, as the successor in interest to WaMu, was liable for WaMu's libel *per se*. The arbitrator dismissed plaintiff's claim pursuant to the administrative exhaustion requirement set forth in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) (12 U.S.C. § 1821(d)(13)(D) (2012)), finding it lacked jurisdiction to consider the claim as plaintiff had not first filed her claim with the Federal Deposit Insurance Company (FDIC), which had been named as the receiver for WaMu after the federal government closed the bank. Plaintiff argues on appeal that the court erred in denying her motion to vacate as (1) the AAA exceeded its authority in its appointment of the arbitrator and (2) the arbitrator had no authority to dismiss the arbitration based on FIRREA. We remand and direct the court to vacate its decision and dismiss the case for lack of jurisdiction.

¶ 2                                    BACKGROUND

¶ 3        Plaintiff maintained a bank account with Chase, a financial institution, from 1992 to 2008. When plaintiff opened her account, she agreed to be bound by Chase's 1991 deposit account rules and regulations. By continuing to use her account after the rules and regulations were amended in 2006, she agreed to be bound by the new 2006 account rules and regulations (2006 agreement). The 2006 agreement provided that "any dispute must be resolved by binding arbitration" and the customer waived any right it had to bring claims before a court or participate in a court case filed by others. The arbitration provision applied "to all Claims relating to [the customer's] account that arose in the past, which may presently be in existence, or which may arise in the future" and would "survive termination" of the account.

¶ 4        In March 2009, plaintiff filed a complaint alleging libel *per se* against Chase (direct claim), WaMu and two other defendants. She asserted she had discovered in September 2008 that Chase had published a false fraud report in March 2008 regarding her use of her Chase checking account. She claimed WaMu had received a copy of the false report in April 2008 and published it to third parties. Chase moved to compel arbitration of the claim against it. The court granted the motion, staying all matters relating to plaintiff's claim against Chase pending the outcome of the mandatory arbitration provided for in the 2006 agreement.

¶ 5        On September 25, 2008, some five months before plaintiff filed her complaint, WaMu had failed and been closed by the federal Office of Thrift Supervision, which named the FDIC as receiver for the failed bank. On the same day, Chase had acquired the assets and some of the liabilities of WaMu from the FDIC.

¶ 6        In March 2010, plaintiff filed a second amended complaint asserting the same libel *per se* claims as in her original complaint, but instead of asserting a claim against WaMu, she

asserted a claim against Chase as successor in interest to WaMu (successor claim). Citing the trial court's earlier order staying the direct claim against Chase pending completion of arbitration, Chase moved to enforce the stay and compel arbitration as to the successor claim against it. The court granted the motion, finding the arbitration provision in the 2006 agreement between plaintiff and Chase applied to plaintiff's successor claim against Chase. Plaintiff appealed. In an unreported decision, *Perik v. JP Morgan Chase Bank, U.S.A., N.A.*, 2011 IL App (1st) 093088-U (*Perik I*), another division of this court affirmed the trial court's order, finding that "all" of plaintiff's claims against Chase, *i.e.*, both the direct claim against Chase and the successor claim against Chase were subject to arbitration.

¶ 7 In May 2012, plaintiff filed two requests with the AAA seeking arbitration of her libel *per se* claims against Chase and Chase as successor in interest to WaMu. Only the arbitration claim against Chase as successor in interest to WaMu is relevant here.

¶ 8 Chase moved to dismiss the arbitration claim against it as successor in interest to WaMu. It argued that FIRREA barred jurisdiction of plaintiff's successor claim against Chase in any forum as plaintiff had failed to first submit the claim to the FDIC for administrative review and the time for such submission had expired. Chase asserted that, under FIRREA, neither the trial court nor the AAA had jurisdiction to hear plaintiff's claim that she was libeled by WaMu "before it imploded in September 2008" and Chase was liable for WaMu's conduct as its successor. The arbitrator agreed and issued a decision granting Chase's motion to dismiss.

¶ 9 Plaintiff filed a motion to vacate the arbitrator's decision in the circuit court of Cook County, asserting the arbitration proceeding was "invalid." She argued the AAA had violated its written procedures when it appointed the arbitrator and that the arbitrator had exceeded his authority in dismissing her claim for lack of jurisdiction.

¶ 10 Following a hearing on June 21, 2013, the trial court denied plaintiff's motion to vacate the arbitration award. It held that plaintiff did not show that the AAA had violated its rules and procedures in appointing the arbitrator and the arbitrator did not exceed his authority in deciding the FIRREA issue. The trial court made an express written finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there was no just reason for delaying either the enforcement or appeal or both of its order. On July 11, 2013, plaintiff filed a timely notice of appeal from the court's order denying her motion to vacate the arbitrator's award dismissing her claim against Chase as successor in interest to WaMu.

¶ 11                                                    ANALYSIS

¶ 12 Plaintiff argues the trial court erred in denying her motion to vacate the arbitrator's award for two reasons: (1) the AAA exceeded its authority in its appointment of the arbitrator in violation of its rules and without considering plaintiff's objections to the arbitrator and (2) the arbitrator exceeded his authority in dismissing the arbitration based on FIRREA. Neither party raises the question of whether, under FIRREA, the trial court had jurisdiction to consider the motion to vacate. Subject matter jurisdiction may be challenged " 'at any time and may even be raised *sua sponte* by a reviewing court' " (*Catom Trucking, Inc. v. City of Chicago*, 2011 IL App (1st) 101146, ¶ 27 (quoting *Ruff v. Splice, Inc.*, 398 Ill. App. 3d 431, 435 (2010))). We, therefore, consider the matter independently and conclude that the trial court did not have jurisdiction to consider the motion to vacate and should have dismissed plaintiff's action.

¶ 13        The question here is whether a trial court has jurisdiction to consider a motion to vacate an arbitration award where the arbitrated claim was based on the prereceivership conduct of a failed bank and the plaintiff had failed to file the claim with the FDIC as required by FIRREA. This is a matter of first impression in Illinois. As it concerns a federal statute, we look to federal law in interpreting the statute. *Twenty First Century Recovery, Ltd. v. Mase*, 279 Ill. App. 3d 660, 663 (1996).

¶ 14        Enacted in response to the savings and loan crisis of the 1980s, one of FIRREA's main objectives is to facilitate the expeditious and efficient resolution of claims against failed banks. *Miller v. Federal Deposit Insurance Corp.*, 738 F.3d 836, 840 (7th Cir. 2013). To this end, FIRREA provides that the FDIC may take over a failed bank and, as the bank's receiver, allow or disallow claims asserted against the bank. *Id*. In order that such claims are resolved quickly and efficiently, "FIRREA establishes strict administrative prerequisites and deadlines that claimants must follow to lodge their claims and challenge any denials." *Id.* It requires that any party wishing to pursue a claim against a failed institution or its assets must present that claim to the receiver, the FDIC. *Maher v. Harris Trust & Savings Bank*, 75 F.3d 1182, 1190 (7th Cir. 1996) (citing 12 U.S.C. § 1821(d)(3)-(5)).[1] The receiver must allow or disallow the claim within 180 days and the claimant then has 60 days to seek additional administrative review or judicial review of the receiver's decision. *Id*.

¶ 15        FIRREA gives the FDIC the authority to establish a deadline, also known as the "bar date," by which a failed bank's creditors and claimants must submit their claims to the FDIC. *Miller v. Federal Deposit Insurance Corp.*, 738 F.3d 836, 842 (7th Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(B)(i)); *Potter v. JPMorgan Chase Bank, N.A.*, No. CV 13-863 CAS, 2013 WL 1912718, at *3 (C.D. Cal. May 8, 2013). It requires that the FDIC publish notice of this deadline once a month for three months and the deadline must be at least 90 days after the date of the notice's first publication. *Miller*, 738 F.3d at 842 (citing 12 U.S.C. § 1821(d)(3)(B)(i), (ii)). The FDIC is also required to mail a notice of the deadline " 'to any creditor shown on the institution's books.' " *Miller*, 738 F.3d at 842 (quoting 12 U.S.C. § 1821(d)(3)(C)). If a claimant fails to submit a claim by the FDIC's deadline, then the claim " 'shall be disallowed and such disallowance shall be final.' "[2] *Id.* (quoting 12 U.S.C. § 1821(d)(5)(C)(i)).

¶ 16        FIRREA provides for judicial review of claims where a claimant has exhausted the administrative claim procedure. *Farnik v. Federal Deposit Insurance Corp.*, 707 F.3d 717, 721 (7th Cir. 2013) (citing 12 U.S.C. § 1821(d)(6)(A)). Specifically, section 1821(d)(6)(A) provides that, after the FDIC has made a determination on a claim, the claimant has 60 days

---

[1]We have omitted the relevant years for the United States Code sections cited or quoted in the federal cases cited herein as it is unclear from these cases on which year of the United States Code the courts relied in analyzing section 1821(d) of FIRREA and as section 1821(d) has not been amended in any manner relevant to our discussion since 1991.

[2]Since such disallowance is "final," this provision arguably means that no further litigation on an untimely claim is authorized.

FIRREA does provide an exception to the finality requirement, permitting the FDIC to consider untimely claims if "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date" and "such claim is filed in time to permit payment of such claim." 12 U.S.C. § 821(d)(5)(C)(ii) (2012). This exception does not apply here since, as held in paragraph 19 below, she received adequate notice of the bar date.

- 4 -

to request administrative review of the claim, file suit on the claim in the relevant district court or continue an action commenced before the appointment of the receiver.[3] *Jackson Walker LLP v. Federal Deposit Insurance Corp.*, 13 F. Supp. 3d 953, 957 (D. Minn. 2014) (citing 12 U.S.C. § 1821(d)(6)(A)). Further, if, "in lieu of filing or continuing any action," a claimant requests administrative review of the FDIC's decision and the FDIC agrees to the request, then the FDIC's final determination with respect to such claim is also subject to judicial review. 12 U.S.C. § 1821(d)(7)(A) (2012).

¶ 17    Although FIRREA specifically provides for judicial review of claims where a claimant has exhausted the administrative claim procedure (12 U.S.C. §§ 1821(d)(6)(A), (7)(A) (2012)), it also sets forth the following "Limitation on Judicial Review" in section 1821(d)(13)(D):

> "Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
>     (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
>     (ii) any claim relating to any act or omission of such institution or the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D) (2012).

¶ 18    Given that FIRREA provides in sections 1821(d)(6)(A) and 1821(d)(7)(A) that courts have jurisdiction over claims against a failed bank *after* the administrative claims process has been completed and after the FDIC had conducted an administrative review of its allowance/disallowance of the claim, courts interpret section 1821(d)(13)(D) to mean that "the administrative claims process is the exclusive remedy for claims against insolvent banks." *Potter*, 2013 WL 1912718, at *4. In other words, section 1821(d)(13)(D) " 'bars claimants from taking claims directly to court without first going through an administrative determination.' " *Miller*, 738 F.3d at 840 (quoting *Campbell v. Federal Deposit Insurance Corp.*, 676 F.3d 615, 617 (7th Cir. 2012)). It "requires that a plaintiff exhaust these administrative remedies with the FDIC before filing certain claims."[4] *Benson v. JPMorgan*

---

[3]If a claimant does not seek judicial or administrative review of the FDIC's determination within the 60-day period, then "the claim shall be deemed to be disallowed *** as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B) (2012). Further, no court may review the FDIC's determination to disallow a claim where the basis for the disallowance was that the claim was not "proved to the satisfaction of the receiver [FDIC]" (12 U.S.C. § 1821(d)(5)(D)(i) (2012)). 12 U.S.C. § 1821(d)(5)(E) (2012).

[4]FIRREA does not, however, completely strip a court of jurisdiction to consider a court claim filed against a failed bank *before* the appointment of the receiver such that the case should be dismissed. As our supreme court held in *Armstrong v. Resolution Trust Corp.*, 157 Ill. 2d 49 (1993), one of the few Illinois cases addressing state court jurisdiction under FIRREA, "Congress did not intend to preclude all judicial review before the statutory claims process has been completed." *Armstrong*, 157 Ill. 2d at 58. The court pointed out that FIRREA explicitly provides for suspension of "any judicial action or proceeding to which an insured depository institution [a failed bank] is or becomes a party" (12 U.S.C. § 1821(d)(12)(A) (2012)) and "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver" (12 U.S.C.

*Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012). Relevant here is section 1821(d)(13)(D)(ii). Pursuant to this section, "[c]ourts lack authority to review FIRREA claims 'relating to any act or omission' of a failed bank or of the FDIC as receiver of a failed bank unless they are first subjected to FIRREA's administrative claims process." *Farnik v. Federal Deposit Insurance Corp.*, 707 F.3d 717, 722 (7th Cir. 2013) (quoting 12 U.S.C. § 1821(d)(13)(D)(ii)).

¶ 19    Here, the FDIC published the requisite three public notices on October 1, 2008, notifying all claimants that any claims relating to WaMu's prereceivership acts or omissions had to be submitted to the FDIC for review by December 30, 2008. Plaintiff was not a known creditor shown on WaMu's books as she did not advance her claim for WaMu's prereceivership conduct until after WaMu had failed. She was, therefore, not entitled to mailed notice of the bar date for submission of claims to the FDIC. *Demelo v. U.S. Bank National Ass'n*, 727 F.3d 117, 124 (1st Cir. 2013). Instead, as her claim was inchoate, the FDIC's notice by publication of the December 25, 2008, bar date was sufficient notice to plaintiff of the bar date for her claim. *Id.*

¶ 20    It is uncontested that plaintiff did not file her claim for WaMu's prereceivership libel with the FDIC, let alone file the claim before the bar date on December 25, 2008. Instead she filed her claim in the circuit court, first against WaMu in 2009 and then against Chase as successor to WaMu in 2010, which latter claim went to mandatory arbitration. By failing to file her claim with the FDIC, plaintiff failed to exhaust her administrative remedies under FIRREA prior to filing suit and, given the expiration of the FIRREA filing period, plaintiff will never be able to exhaust those administrative remedies. Thus, if plaintiff's claim against Chase as successor to WaMu for WaMu's libel was subject to FIRREA's exhaustion requirement, the trial court's only recourse when presented with an action on the claim would be to dismiss the action for lack of jurisdiction.

¶ 21    Plaintiff's claim against Chase as successor in interest to WaMu was a "claim" under FIRREA. On September 25, 2008, WaMu failed and was closed by the Office of Thrift Supervision and the FDIC was appointed as WaMu's receiver. Plaintiff's claim against Chase as successor in interest to WaMu is based on WaMu's pre-September 25, 2008, conduct, specifically WaMu's alleged libel of plaintiff when it published the fraud report it received in April 2008 to third parties. Section 1821(d)(13)(D)(ii) bars judicial review of "any claim relating to any act or omission" of a failed bank such as WaMu absent exhaustion of administrative remedies. 12 U.S.C. § 1821(d)(13)(D)(ii) (2012). Plaintiff's claim clearly relates to an act of WaMu, specifically its alleged prereceivership libel. Her claim, therefore, is subject to FIRREA.

¶ 22    The fact that plaintiff filed her claim against Chase as WaMu's successor (rather than against WaMu) does not change this determination. "[A]n entity that purchases a failed lending institution's assets from the FDIC acquires the administrative protections afforded by section 1821(d)." *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1325 (S.D.

---

§ 1821(d)(5)(F)(ii) (2012)). *Armstrong*, 157 Ill. 2d at 57-58. It concluded that, although FIRREA sets out a jurisdictional bar precluding courts from considering a claim against the receiver until a claimant has exhausted the administrative review process, state and federal courts retain subject matter jurisdiction over suits filed *prior* to the appointment of the receiver and such cases need not be automatically dismissed. *Id*. at 57-60.

Fla. 2011). "[A] claim asserted against a purchasing bank based on the conduct of a failed bank must be exhausted under FIRREA." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) (citing *American National Insurance Co. v. Federal Deposit Insurance Corp.*, 642 F.3d 1137, 1144 (D.C. Cir. 2011), *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008), and *American First Federal, Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 n.3 (11th Cir. 1999)). "[T]he FIRREA administrative exhaustion requirement is based not on the entity named as defendant but on the actor responsible for the alleged wrongdoing." *Farnik*, 707 F.3d at 722. " '[W]here a claim is *functionally*, albeit not *formally*, against a depository institution for which the FDIC is receiver,' it falls under FIRREA." (Emphases in original.) *Id.* at 722-23 (quoting *American National Insurance Co.*, 642 F.3d at 1144). Plaintiff's claim against Chase as successor to failed bank WaMu is based solely on WaMu's alleged prereceivership libel. Therefore, section 1821(d)(13)(D)(ii) applies with equal force to Chase as successor to WaMu as it would have to WaMu itself and plaintiff's claim against Chase as WaMu's successor is subject to FIRREA's administrative exhaustion requirement. *Aber-Shukofsky v. JPMorgan Chase & Co.*, 755 F. Supp. 2d 441, 447 (E.D.N.Y. 2010); *Lazarre*, 780 F. Supp. 2d at 1327.

¶ 23    As held previously, plaintiff did not exhaust the administrative review process that is a prerequisite to judicial review before she filed her complaints asserting claims for WaMu's alleged libelous act. Therefore, under FIRREA, the trial court did not have subject matter jurisdiction to consider the claim. *Benson*, 673 F.3d at 1209 (finding the plaintiffs' claims against Chase, WaMu's successor in interest, were barred since the claims, as in the case at bar, related to alleged acts and omissions of WaMu before its failure and seizure by the FDIC and the plaintiffs had failed to exhaust the administrative process set forth in FIRREA before filing their claims in court). The court did not have such jurisdiction when plaintiff filed her original complaint asserting the claim against WaMu in 2009 or when she filed her second amended complaint asserting the claim against Chase as successor to WaMu in 2010.

¶ 24    For the same reason, the court also lacked jurisdiction to consider plaintiff's motion to vacate the arbitrator's award on the claim. Plaintiff's failure to exhaust her administrative remedies prior to filing her motion to vacate the arbitration award prevented the trial court from acquiring subject matter jurisdiction to consider the motion. In *Saffer v. JP Morgan Chase Bank*, 171 Cal. Rptr. 3d 111 (Cal. Ct. App. 2014), a case remarkably similar to the case at bar, the plaintiff failed to submit his claims based on WaMu's prereceivership conduct with the FDIC before the bar date and, instead, had filed suit against WaMu and Chase. The court, on Chase's motion, compelled arbitration of the claims. Chase, as successor to WaMu, moved to dismiss the arbitration action for lack of subject matter jurisdiction under FIRREA. The arbitrator concluded that he (and the court) lacked subject matter jurisdiction to hear the plaintiff's claims and dismissed the case. The plaintiff filed a motion to vacate the arbitrator's ruling. The court confirmed the arbitrator's ruling.

¶ 25    On review, the California Court of Appeal found the plaintiff's failure to satisfy FIRREA's exhaustion requirements before filing suit prevented the trial court from acquiring subject matter jurisdiction over his claims. *Saffer*, 171 Cal. Rptr. 3d at 129. It held the trial court, therefore, had no jurisdiction when it compelled the suit "to an unauthorized arbitration" and when it affirmed the arbitrator's award dismissing the claim for lack of jurisdiction under FIRREA. *Id.* It ordered that the matter be remanded to the trial court with directions that the court vacate the judgment and enter an order dismissing the plaintiff's case

for lack of subject matter jurisdiction. *Id*. We find *Saffer* persuasive. We are not bound to follow decisions from other states. *Fosse v. Pensabene*, 362 Ill. App. 3d 172, 186 (2005). However, to the extent that *Saffer* addresses the issue at bar and there is no Illinois authority that speaks to this issue, we may look to *Saffer* as persuasive authority. *Id*.

¶ 26 We do not decide here whether, under FIRREA, the arbitrator had jurisdiction to consider plaintiff's claim despite her failure to exhaust her administrative remedies before filing the arbitration claim. Although, arguably, he did not. See *Multibank 2010-1 SFR Venture LLC v. Saunders*, No. 2:11-CV-1245 JCM, 2011 WL 5546960, at \*3 (D. Nev. Nov. 14, 2011) (finding the defendants were enjoined from engaging in arbitration of their claim against the successor in interest to a failed bank until they had exhausted their administrative remedies under FIRREA; "FIRREA requires the [defendants] to first submit their claim and exhaust their administrative remedies prior to engaging in arbitration"). Rather, our holding here is that the trial court lacked jurisdiction as a result of plaintiff's failure to comply with FIRREA.

¶ 27 Plaintiff argues, in the context of the arbitrator's jurisdiction under FIRREA, that neither the arbitrator nor the circuit court had the authority to overrule the appellate court's direction in *Perik I* that plaintiff's claim against Chase as successor to WaMu (successor claim) must proceed to arbitration. In *Perik I*, the appellate court affirmed the trial court's order compelling arbitration of both the direct claim against Chase and the successor claim against Chase, holding that "all" of plaintiff's claims against Chase were subject to mandatory arbitration under the parties' 2006 agreement. In Chase's appellate brief in *Perik I*, it had argued that the trial court's decision to stay plaintiff's direct and successor claims against Chase pending arbitration should be affirmed on two bases: (1) the mandatory arbitration provision in the 2006 agreement applied to both the direct and successor claims and, in the alternative, (2) the court lacked jurisdiction to adjudicate the successor claim as plaintiff had failed to comply with the administrative exhaustion requirement of FIRREA. The *Perik I* decision addressed only Chase's first argument. It does not mention Chase's second argument regarding the trial court's jurisdiction under FIRREA. *Perik I* does not mention FIRREA at all.

¶ 28 Plaintiff argues that, as Chase had raised the application of FIRREA to her successor claim on appeal in *Perik I*, the court in *Perik I* would not have "remanded" the successor claim to arbitration if FIRREA applied to the claim. She would have us infer from the court's silence regarding FIRREA that the court's determination that "all" claims against Chase were arbitrable is an implicit finding that the trial court and the arbitrator had jurisdiction to consider the claims. She asserts that, when the court in *Perik I* "remanded the case, it held that it had subject matter jurisdiction" and that *Perik I* is the law of the case. We reject plaintiff's argument.

¶ 29 First, *Perik I* did not "remand" plaintiff's claims as she asserts here. Instead, the court affirmed, without further instruction, the trial court's finding that both claims against Chase were arbitrable on the basis that the 2006 agreement between the parties applied to both the direct and the successor claims. Second, the only law of the case to be gleaned from *Perik I* is the court's holding that "all" claims against Chase, including the claim against Chase as WaMu's successor, were subject to the mandatory arbitration provision in the 2006 agreement.

¶ 30    "The law of the case doctrine bars relitigation of an issue that has already been decided in the same case [citation] such that the resolution of an issue presented in a prior appeal is binding and will control upon remand in the circuit court and in a subsequent appeal before the appellate court [citation]." *American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*, 2014 IL App (1st) 121895, ¶ 17. "The doctrine applies to questions of law and fact and encompasses a court's explicit decisions, as well as those decisions made by necessary implication." *Id*. In other words, the law of the case doctrine applies only to issues that were actually decided, whether expressly or by necessary implication.

¶ 31    Here, the question of whether FIRREA barred the trial court and/or the arbitrator from adjudicating plaintiff's successor claim against Chase was not actually decided in *Perik I*. The court explicitly decided only that the trial court should be affirmed as the 2006 agreement applied to plaintiff's claim against Chase as successor to WaMu and the claim, therefore, should be arbitrated. We do not find that a necessary implication of this determination is that the arbitrator and/or the trial court had subject matter jurisdiction to consider plaintiff's successor claim against Chase despite plaintiff's failure to comply with FIRREA. Although Chase had raised the alternate argument that the trial court should be affirmed as FIRREA stripped the trial court of jurisdiction to consider plaintiff's successor claim, the *Perik I* court did not address this argument. We do not infer that the court, by its silence on this alternate argument, taken in context with its determination that the successor claim was arbitrable, intended to convey that it had also decided that the appellate court, the trial court and/or the arbitrator had subject matter jurisdiction to consider plaintiff's successor claim against Chase despite FIRREA. This is not a "necessary implication" from the court's decision to affirm the trial court's decision on the first basis raised by Chase and therefore, not the law of the case binding on this court.

¶ 32    What may be implied from the court's silence on this matter was that it decided the arbitrability question only and left the question of FIRREA compliance to the arbitrator. However, to the extent that there is a necessary implication that the court and arbitrator had jurisdiction to proceed, based on *Saffer*, we would necessarily find that this was palpably erroneous. See *id.* (an exception to the law of the case doctrine exists for when "a reviewing court finds that its prior decision was palpably erroneous"). As we noted earlier, subject matter jurisdiction may be challenged at any time and be raised *sua sponte* by a reviewing court. *Catom Trucking, Inc.*, 2011 IL App (1st) 101146, ¶ 27.

¶ 33    Accordingly, as plaintiff failed to exhaust her administrative remedies prior to filing her motion to vacate the arbitrator's dismissal of her claim that Chase was liable for WaMu's prereceivership libel, pursuant to FIRREA, the trial court had no jurisdiction to consider the motion. We direct the trial court to vacate its judgment and to dismiss the action. See *Saffer*, 171 Cal. Rptr. 3d at 129 (remanding to trial court for dismissal of administrative review action upon finding lack of subject matter jurisdiction due to plaintiff's failure to exhaust FIRREA administrative remedies prior to filing suit); see also *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 934 (11th Cir. 2013) (remanding to district court for dismissal of action upon finding jurisdiction lacking due to failure to exhaust FIRREA administrative remedies).

¶ 34                                    CONCLUSION

¶ 35            For the reasons stated above, we remand to the trial court with directions to vacate its judgment and dismiss the action.

¶ 36            Remanded with directions.