2022 IL App (1st) 220150
Opinion filed: August 25, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-0150

| | | |
|---|---|---|
| LARRY OLLINS, OMAR MUHAMMAD, CALVIN OLLINS, and MARCELLIA BRADFORD, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 2020 L 003676 |
| | ) | |
| PETER KARL; AMAZON.COM, INC.; and TELEMACHUS PRESS, LLC, | ) ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | John H. Ehrlich, |
| (Peter Karl, Defendant-Appellee). | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiffs, Larry Ollins, Omar Muhammad, Calvin Ollins, and Marcellia Bradford, brought a five-count complaint against defendants, Peter Karl, Amazon.com, Inc. (Amazon), and Telemachus Press, LLC, alleging defamation, false light invasion of privacy, public disclosure of private facts, appropriation of another's name or likeness, and intrusion upon seclusion. The circuit court granted defendant-appellee (defendant) Karl's motion to dismiss the complaint against him with prejudice pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) for plaintiffs' failure to exercise reasonable diligence to obtain service of process. The court made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason for delaying either enforcement or appeal of the dismissal order.

¶ 2 On appeal, plaintiffs argue that the circuit court abused its discretion in finding that they failed to exercise reasonable diligence in serving defendant under Rule 103(b). Plaintiffs further

argue that, under Rule 103(b), the complaint could be dismissed "with prejudice" only if the circuit court found that their failure to exercise reasonable diligence in serving defendant occurred *after* the expiration of the applicable statute of limitations *and* prejudiced him; however, the circuit court here made inconsistent findings regarding when the limitations period had expired and whether plaintiffs' failure to exercise reasonable diligence in serving defendant occurred before or after the expiration of the limitations period. The circuit court made no finding that defendant was prejudiced by plaintiffs' failure to exercise reasonable diligence in serving him. We affirm the circuit court's finding that plaintiffs failed to exercise reasonable diligence under Rule 103(b) in serving defendant. We reverse the dismissal order and remand for the court to clarify its findings regarding whether plaintiffs' failure to exercise reasonable diligence in serving defendant occurred before or after the expiration of the limitations period and whether defendant was prejudiced thereby.

¶ 3    Plaintiffs filed their complaint on March 27, 2020. In count I for defamation, plaintiffs alleged that they were convicted and sentenced for the murder and rape of Lori Roscetti, which occurred on October 18, 1997. Subsequent to their conviction, plaintiffs hired a new attorney to prove their innocence. Multiple DNA tests were conducted establishing that the two DNA profiles found on Roscetti did not belong to plaintiffs and instead matched two different individuals, Duane Roach and Eddie Harris. Roach and Harris were arrested, and they each pleaded guilty to the rape and murder of Roscetti. Plaintiffs' convictions were vacated in 2001, and they were released from prison. Governor Ryan pardoned plaintiffs in 2002. Plaintiffs filed a civil rights action based on the wrongful conviction, which was settled for several million dollars.

¶ 4    Defendant subsequently wrote a book titled "On the Night of a Blood Moon: A Peter Michaels Thriller" that was published on March 29, 2019, in the form of an audio book, paper

book, and digital book and sold on Amazon. In the book, defendant wrote that while Roach and Harris raped, robbed, and injured Roscetti, plaintiffs actually killed her. The book further contained plaintiffs' juvenile criminal histories, adjudications, and sentences, all of which were private and confidential under the Juvenile Court Act of 1987 (705 ILCS 405/1-7 (West 2020)).

¶ 5    Plaintiffs alleged in count I that the book is defamatory, as they did not kill Roscetti. Plaintiffs requested an award of compensatory damages and that the distribution of the book be stopped.

¶ 6    In count II for false light invasion of privacy, plaintiffs alleged that while acting with actual malice, defendant placed them in a false light by falsely accusing them of murdering Roscetti. The false light in which plaintiffs were placed would be highly offensive to a reasonable person.

¶ 7    In count III for public disclosure of private facts, plaintiffs alleged that defendant gave publicity to plaintiffs' private facts when he published their juvenile criminal histories, sentences, and adjudications.

¶ 8    In count IV for appropriation of another's name or likeness, plaintiffs alleged that defendant appropriated their name and likeness within his book without their consent and for the commercial benefit of selling his book.

¶ 9    In count V for intrusion upon seclusion, plaintiffs alleged that, without authorization, defendant intruded upon and gained access to their private juvenile criminal records and published them. Such an intrusion was highly offensive to a reasonable person and caused plaintiffs anguish and suffering.

¶ 10    Subsequent to the filing of the complaint, plaintiffs requested on August 27, 2020, that the circuit court clerk issue summons to defendant at his address in Marco Island, Florida. The clerk

issued the summons, leaving the date of service blank, to be filled in when the officer served defendant. However, plaintiffs did not effectuate service of the summons on defendant.

¶ 11    Instead, on August 31, 2020, plaintiffs prepared a request for waiver of service (the waiver request) pursuant to section 2-213(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-213(a) (West 2020)) and delivered it to defendant by three-day priority mail.[1] Section 2-213(a) provides that a plaintiff may notify a defendant of the commencement of an action and request that he waive service of a summons. The notice and waiver request shall be addressed and "dispatched" to the defendant "through first class U.S. mail or other equally reliable means"; contain a copy of the complaint; inform the defendant of the consequences of compliance and noncompliance with the request to waive service; allow the defendant "a reasonable time to return the waiver, which shall be at least *** 30 days from the date on which the request is sent"; and provide the defendant with an extra copy of the notice and request and prepaid means of compliance in writing. *Id.* Section 2-213(e) provides that if the defendant does not timely return the waiver of service, "plaintiff must serve summons on that defendant as otherwise provided by this Code and Supreme Court rules." *Id.* § 2-213(e).

¶ 12    Defendant here did not complete and return the waiver within 30 days.

¶ 13    On February 23, 2021, plaintiffs obtained an alias summons and engaged a private detective who served the complaint on defendant at his Marco Island, Florida, address on March 2, 2021. Defendant's counsel entered an appearance on March 26, 2021, and sought a 45-day

---

[1]The record on appeal contains the United States Postal Service priority mailing label and tracking number, as well as a notification of delivery status from the United States Postal Service, showing that a priority mail package from plaintiffs' attorney was delivered to defendant at his Marco Island, Florida, address on September 8, 2020.

extension of time to file his responsive pleading to plaintiffs' complaint. The circuit court granted the extension request.

¶ 14    On May 17, 2021, defendant filed two motions. First, at 3:29 p.m. he filed a motion to dismiss pursuant to section 2-619(a)(5) of the Code (*id.* § 2-619(a)(5)). Seven minutes later, at 3:36 p.m., he filed a motion to dismiss pursuant to Rule 103(b).

¶ 15    In his section 2-619(a)(5) motion, defendant argued that the statute of limitations for a claim of defamation and/or publication of matters violating the right of privacy is one year. See *id.* § 13-201; *Ciolino v. Simon*, 2020 IL App (1st) 190181, ¶ 42; *Webb v. CBS Broadcasting, Inc.*, 08 C 6241, 2009 WL 1285836, at *3 (N.D. Ill. May 7, 2009). Generally, in defamation cases, "the cause of action accrues, and the statute of limitation begins to run, on the date the allegedly defamatory statement is published." *Ciolino*, 2020 IL App (1st) 190181, ¶ 42. Defendant argued that his book was published on March 20, 2019, meaning that the limitations period expired on March 20, 2020. Plaintiffs' complaint was not filed until March 27, 2020, one week after the limitations period had expired.

¶ 16    Defendant argued that the Uniform Single Publication Act (740 ILCS 165/1 (West 2020)) applies here. The Uniform Single Publication Act states the rule that "[n]o person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine ***." *Id.* Pursuant to this rule:

> "defamation and privacy actions are 'complete at the time of the *first publication*, and any subsequent appearances or distributions of copies of the original publication are of no consequence to the creation or existence of a cause of action, but are only relevant in computing damages.' *** [Citation.] The subsequent distribution of existing copies of an

original publication neither creates a new cause of action nor tolls the applicable statute of limitations." (Emphasis in original.) *Blair v. Nevada Landing Partnership, RBG, LP*, 369 Ill. App. 3d 318, 324-25 (2006).

¶ 17    However, a republication can constitute a new cause of action if the publication is altered to reach a new audience or promote a different product. *Id.* at 325.

¶ 18    Defendant argued that the publication of his book in various mediums, such as hard cover, soft cover, digital, and audiobook, was not a republication that avoided the single-publication rule and retriggered the one-year statute of limitations but merely constituted delayed circulation of the original edition and did not create a new cause of action nor toll the limitations period.

¶ 19    Finally, defendant argued that the discovery rule did not apply to toll the limitations period. "Under the single-publication rule, generally, the cause of action accrues and the period of limitations commences *regardless* of when the plaintiff secured a copy or became aware of the publication." (Emphasis in original.) *Id.* at 326. "Indeed, the discovery rule is inapplicable in light of the single-publication rule unless the publication was hidden, inherently undiscoverable, or inherently unknowable." *Id.*

¶ 20    Defendant asserted that the book's publication was in no way hidden but was available on or around March 20, 2019, at Amazon and Barnes and Noble, "platforms that each incontrovertibly allows easy public access." As such, the discovery rule was inapplicable and therefore the limitations period began on the date of publication and ended one year later, *before* the complaint was filed.

¶ 21    Plaintiffs filed a response arguing that the single-publication rule did not apply here because defendant's book was republished on March 29, 2019, in a Kindle edition and on September 24, 2019, in an audio book in an effort to reach new and different audiences through

different mediums than the original publication. Plaintiffs also argued that the book was not made widely available to the general public and that they did not discover the book until after June 2019, when defendant gave an interview to WGN promoting it. Plaintiffs asserted that the limitations period was tolled until the date of discovery, rendering the complaint timely filed.

¶ 22    On August 31, 2021, the circuit court denied defendant's section 2-619(a)(5) motion to dismiss, stating: "There exist questions of fact as to when the plaintiffs first learned of the publication, the publication's scope, and whether subsequent publications in other formats constitute republishing outside the single-publication rule."

¶ 23    In his Rule 103(b) motion, defendant argued that after filing their complaint on March 27, 2020, plaintiffs delayed almost an entire year before effecting service on him on March 2, 2021. Plaintiffs thereby failed to exercise reasonable diligence in obtaining service on defendant in violation of Rule 103(b), which states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 24    Defendant argued that plaintiffs did not serve him with the complaint until after the one-year limitations had expired on March 20, 2020, thereby necessitating dismissal with prejudice. Plaintiffs filed a response arguing that by failing to respond to the waiver of service request, defendant was estopped from asserting plaintiffs' lack of diligence in serving him; defendant waived his Rule 103(b) objections by actively participating in the defense of the action on its

merits; plaintiffs exercised reasonable diligence to obtain service; and the cause should not be dismissed "with prejudice" because questions of fact exist regarding when the limitations period expired and because the delay in serving defendant did not prejudice him by denying him the fair opportunity to investigate the circumstances upon which liability was predicated.

¶ 25     On September 2, 2021, the circuit court granted defendant's Rule 103(b) motion, stating in the dismissal order that "[g]iven the unreasonable delay in serving the defendant, the defendant's motion to dismiss must be granted with prejudice." [2] The order contained no discussion of whether plaintiffs' failure to exercise reasonable diligence in serving defendant occurred before or after the limitations period expired or whether defendant was prejudiced thereby. Plaintiffs filed a motion to reconsider, which the circuit court denied on December 30, 2021. Plaintiffs appeal the Rule 103(b) dismissal with prejudice of their complaint against defendant.

¶ 26     First, plaintiffs argue that defendant waived any objections under Rule 103(b) by participating in the case prior to filing the Rule 103(b) motion, specifically, by appearing and filing for an extension of time to respond to the complaint and by filing a section 2-619(a)(5) motion to dismiss based on the statute of limitations. In support of their argument that defendant waived his Rule 103(b) objection by first appearing and filing the motion for an extension of time and the section 2-619(a)(5) dismissal motion, plaintiffs cite *Lovell v. Hastings*, 11 Ill. App. 3d 221 (1973). In *Lovell*, the defendant delayed four months after filing his appearance before filing a motion to dismiss under Rule 103(b). *Id.* at 223. During this time, the defendant filed answers to interrogatories and took a deposition. *Id.* We held that the four-month delay in filing the dismissal

---

[2]The dismissal order was made on the parties' briefings; no hearing was held.

motion after his appearance, coupled with his active participation in discovery for the purpose of defending the case on the merits, constituted a waiver of the Rule 103(b) objection. *Id.*

¶ 27     Subsequent to *Lovell*, we have held that a Rule 103(b) motion is not the equivalent of a motion for dismissal for lack of jurisdiction; rather, defendant invokes the court's jurisdiction by requesting that plaintiffs' claims be dismissed under Rule 103(b). *Schusterman v. Northwestern Medical Faculty Foundation*, 195 Ill. App. 3d 632, 636 (1990). Therefore a defendant's filing of a general appearance does not constitute a waiver of the right to raise a defense under Rule 103(b). *Id.* at 637. Under *Lovell*, then, it was not the defendant's appearance that constituted a waiver of his Rule 103(b) objection but, rather, his four-month delay in filing the objection coupled with his active participation in discovery for the purpose of defending the case on the merits.

¶ 28     In contrast to *Lovell*, defendant here did not wait four months before filing his Rule 103(b) motion but instead filed it less than two months after filing his appearance.[3] On the same day that he filed his Rule 103(b) motion, defendant also filed a section 2-619(a)(5) motion to dismiss. Plaintiffs contend that defendant actively participated in the defense of the action on its merits by filing the section 2-619(a)(5) motion to dismiss, thereby waiving his Rule 103(b) motion as in *Lovell*. However, *Lovell* did not involve the filings of a section 2-619(a)(5) motion and a Rule 103(b) motion, and we note that, in other cases, such motions have been filed at the same time without any finding of a waiver. See *People v. Ramones*, 2016 IL App (3d) 140877, ¶ 7; *Kelly v. Mazzie*, 207 Ill. App. 3d 251, 252 (1990).

---

[3]Plaintiffs argue that after his appearance in this case, defendant waited four months before filing his Rule 103(b) motion. The record indicates otherwise. Defendant appeared through counsel on March 26, 2021, and filed his Rule 103(b) motion less than two months later on May 17, 2021.

¶ 29    Further, unlike *Lovell*, defendant participated in no discovery for the purpose of preparing a defense on the merits; he filed no answers to any interrogatories and took no depositions. Defendant's filing of a request for the extension of time to respond to plaintiffs' complaint and his filing of a section 2-619(a)(5) motion on the same day as the filing of the Rule 103(b) motion fall far short of the *Lovell* state of involvement. Given defendant's short delay in filing the Rule 103(b) motion and his minimal participation in the litigation as compared to *Lovell*, we find no waiver here. See, *e.g.*, *Muskat v. Sternberg*, 211 Ill. App. 3d 1052, 1057-58 (1991) (finding that defendants did not waive their Rule 103(b) objection by filing an appearance, an answer to the complaint, interrogatories, and a request for production where they never required the plaintiff to answer the interrogatories or respond to the production request, and they never answered any interrogatories nor noticed or participated in any depositions); *Semersky v. West*, 166 Ill. App. 3d 637, 642 (1988) (finding that defendants did not waive their Rule 103(b) objection by an agreed stipulation to extend the time for filing an answer and moving for a change of venue, where no discovery ever was undertaken).

¶ 30    Next, plaintiffs argue that defendant's failure to timely respond to their section 2-213(a) request for waiver of service somehow estopped him from later filing his Rule 103(b) objection. In support, plaintiffs cite only *Parker v. Piskur*, 258 Ill. App. 3d 344 (1994), which is factually inapposite as it did not involve a section 2-213(a) waiver request and thus never even considered whether a defendant's failure to timely respond to such a request estops him from filing a Rule 103(b) objection. Plaintiffs have forfeited review of their estoppel argument by failing to cite any relevant authority in support thereof. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 31    Next, plaintiffs argue that the circuit court denied them procedural due process by failing to "conduct an inquiry or otherwise address" their waiver and estoppel arguments made in response

to defendant's Rule 103(b) motion to dismiss. Plaintiffs' contention is without merit. Procedural due process claims concern the constitutionality of the specific procedures employed to deny a person's life, liberty, or property interest. *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 244 (2006). Fundamentally, procedural due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Procedural due process requirements are met "by having an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights." *Tri-G*, 222 Ill. 2d at 244. In the instant case, plaintiffs had notice of defendant's Rule 103(b) motion to dismiss and were given the opportunity to brief their response, including their waiver and estoppel arguments. Following the dismissal order, plaintiffs also were given the opportunity to brief their motion to reconsider. This is all that procedural due process requires. See *id.* As plaintiffs were given notice and an opportunity to be heard at a meaningful time and in a meaningful manner, no procedural due process violation occurred here.

¶ 32    Plaintiffs' argument amounts to nothing more than a contention that they were denied procedural due process because defendant waived and/or was estopped from raising the Rule 103(b) objections and therefore that the circuit court's granting of the dismissal motion was erroneous. As discussed earlier in this opinion, plaintiffs' waiver and estoppel arguments are without merit. Regardless, "procedural due process is not a guaranty against erroneous or unjust decisions, or the incorrect interpretation of statutes or rules of law. Neither an abuse of discretion nor an erroneous rule of law will support a reversal for a deprivation of procedural due process." *Id.* at 246.

¶ 33    Next, plaintiffs argue that the circuit court erred in finding that they did not exercise reasonable diligence under Rule 103(b) in serving defendant. The purpose of Rule 103(b)'s

requirement that the plaintiff exercise reasonable diligence in obtaining service on the defendant is

> " 'to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations, which is designed to afford the defendant a fair opportunity of investigation, by filing suit before the expiration of the limitations period but taking no action to have the defendant[ ] served until the plaintiff is ready to proceed with the litigation.' " *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 20 (quoting *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (2001)).

¶ 34    Rule 103(b) does not dictate a specific time within which the plaintiff must serve the defendant, and the circuit court is vested with broad discretion in determining whether the plaintiff has exercised reasonable diligence. *Id.* We will not disturb the circuit court's judgment absent an abuse of that discretion. *Id.*

¶ 35    In moving for dismissal under Rule 103(b), the defendant initially must make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing the complaint. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 17. Once the defendant establishes that the time between the filing of the complaint and the date of service suggests a lack of diligence, the burden shifts to the plaintiff to provide a satisfactory explanation for the delay in service. *Id.* "The standard under the rule is objective and the fact that the delay in effecting service may not have been intentional is not determinative." *Mular*, 2015 IL App (1st) 142439, ¶ 21. Still,

> "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.' " *Segal v. Sacco*, 136 Ill. 2d 282,

288 (1990) (quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 289-90 (1954)).

¶ 36    Plaintiffs contend that the dismissal order was inappropriate here because defendant did not make a *prima facie* showing that they failed to exercise reasonable diligence in serving him. Plaintiffs' contention is without merit, as we have held that a delay of four to five months between the filing of the complaint and subsequent service is sufficient to establish a *prima facie* showing of failing to diligently effect service. See *Wilder Chiropractic, Inc. v. State Farm Fire & Casualty Co.*, 2014 IL App (2d) 130781, ¶ 82; *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1045 (2009). Here, plaintiffs delayed almost one year (from March 27, 2020, to March 2, 2021) in effecting service of summons on defendant.

¶ 37    Plaintiffs argue, though, that in determining whether a *prima facie* case was made, we may consider any "unusual circumstances" that would have "prevented or otherwise hindered plaintiff's ability to serve defendants." *Kole*, 325 Ill. App. 3d at 949. Plaintiffs contend that in the instant case, the COVID-19 pandemic temporarily interrupted their ability to serve defendant with process and is just such an unusual circumstance excusing the delay here. In support, plaintiffs cite their attorney Ilia Usharovich's affidavit, in which he stated that at the time he filed plaintiffs' complaint on March 27, 2020, "the entire court system across the country was [affected] by COVID and not fully operational"; plaintiffs' complaint was considered a nonessential court matter; due to the COVID-19 outbreak, the Office of the Sheriff of Cook County began prioritizing service in "essential" cases, yielding delays in "non-essential" cases; in response, on March 25, 2020, the Law Division Motion Section established temporary procedures for presenting motions for appointment of special process servers, allowing such motions to be heard by emergency motion judges; counsel believed that he was not going to be able to obtain a private process server who

would be willing to breach social distancing protocols in order to serve defendant on a nonessential matter; and counsel issued the request for waiver of service "in that it was the safest way to proceed in the matter."

¶ 38    The circuit court considered plaintiffs' argument that the unusual circumstance of the pandemic excused the delay in the service of process. The court found that while a two-month delay was excusable in the early days of the pandemic, defendant had made a *prima facie* showing that there was no good excuse for waiting *five* months from the initial filing date of March 27, 2020, to seeking the issuance of the first summons on August 27, 2020, and then mailing a request for waiver of service on August 31. Defendant also had made a *prima facie* showing that there was no good excuse for plaintiffs to wait an additional *five* months after he failed to answer the waiver before obtaining an alias summons and serving it on him on March 2, 2021.

¶ 39    Thus, when considering whether defendant made a *prima facie* showing of lack of reasonable diligence on the part of plaintiffs, the circuit court first considered whether plaintiffs showed reasonable diligence when sending the waiver request. Then the court considered whether plaintiffs showed reasonable diligence in serving defendant with process after he failed to respond to the waiver request.

¶ 40    We must determine whether the reasonable diligence requirement of Rule 103(b) applies to the sending of a request for waiver of service under section 2-213(a) of the Code. No reported decision has addressed this issue. When construing a supreme court rule, our primary goal is to ascertain and give effect to the intent of the drafters. *In re Michael D.*, 2015 IL 119178, ¶ 9. The most reliable indicator of the drafters' intent is the language used, given its plain and ordinary meaning. *Id.*

¶ 41    A plain reading of Rule 103(b) shows that the supreme court's intent was to ensure that the plaintiff exercised reasonable diligence in timely notifying the defendant that a case has been filed against him prior to the expiration of the statute of limitations so that he can investigate the case while the facts still are accessible. See *Mular*, 2015 IL App (1st) 142439, ¶ 20. One way to so notify the defendant that a case has been filed is to formally serve him with summons and the complaint; another way is to mail him a waiver of service request with a copy of the complaint pursuant to section 2-213(a) of the Code. As the supreme court's intent when drafting Rule 103(b) was to require the plaintiff to exercise reasonable diligence in timely notifying the defendant of the filing of his case so as to afford the defendant a fair opportunity to learn of and investigate the facts of the case, we construe Rule 103(b) as requiring the plaintiff to exercise reasonable diligence regardless of which notification method is used. In other words, plaintiffs here were required to use reasonable diligence both when sending defendant the request for waiver of service and when serving him with process after he failed to respond to the waiver request.

¶ 42    In the instant case, plaintiffs waited five months after the filing of the complaint (from March 27, 2020, to August 31, 2020) before sending defendant a request for waiver of service, which was delivered to him on September 8, 2020. The waiver request gave defendant 30 days to respond and also informed him that he would be formally served a summons and complaint if he did not timely respond within the 30-day period. After the 30 days expired at the beginning of October 2020, with no response from defendant, plaintiffs waited an additional five months until March 2, 2021, to serve him, meaning that defendant was not served until almost one year after the filing of the complaint. The lengthy delay in sending defendant the waiver request and then in serving him constitutes a *prima facie* showing that plaintiffs did not act with reasonable diligence

as required under Rule 103(b). See, *e.g.*, *Wilder Chiropractic, Inc.*, 2014 IL App (2d) 130781, ¶ 82; *Verploegh*, 396 Ill. App. 3d at 1045.

¶ 43    We reject plaintiffs' contention that defendant failed to make a *prima facie* case because the COVID-19 pandemic and the sheriff's office's decision to temporarily prioritize service in "essential" cases excused the delay. During the early days of the pandemic, the temporary prioritizing of service in "essential" cases affected the formal service of process through the sheriff's office but did not affect a plaintiff's ability to mail a request for waiver of service pursuant to section 2-213(a) of the Code. The United States mail did not stop functioning during the pandemic. Therefore, plaintiffs' initial five-month delay in mailing defendant the waiver request was not excused by the COVID-19 pandemic and by the temporary prioritizing of service in essential cases.

¶ 44    With respect to plaintiffs' delay in serving defendant after he failed to timely return the waiver request, we note that even during the early days of the pandemic when the complaint here was filed, the Law Division provided special procedures for the presentation to an emergency motion judge of a "routine" motion for a special process server as a way of obtaining service in a nonessential case. Plaintiffs did not attempt to take advantage of such procedures. Accordingly, on the facts before us, defendant made a *prima facie* showing that plaintiffs failed to exercise reasonable diligence in effectuating service after filing the complaint, shifting the burden to plaintiffs to demonstrate, by way of affidavit or other competent evidentiary materials, that reasonable diligence was exercised and that any delays in effecting service were justified. *Mular*, 2015 IL App (1st) 142439, ¶ 21.

¶ 45    Plaintiffs argue, though, that we should reverse the dismissal order because in finding that defendant had made a *prima facie* case, the circuit court improperly noted that plaintiffs could

have achieved service on defendant, who was residing in Florida, through the Uniform Interstate Depositions and Discovery Act (Act), which was adopted by both Illinois and Florida. See 735 ILCS 35/1 *et seq.* (West 2020); Fla. Stat. § 92.251 (2019). Contrary to the circuit court's finding, the Act established a uniform process for obtaining out-of-state depositions and discovery and did *not* provide for service of process in this case. The court's error does not compel reversal in this case, though, because its finding that defendant made a *prima facie* showing of plaintiffs' failure to exercise reasonable diligence in serving him was based not only on the Act but also on plaintiffs' lengthy and unexcused delay both in mailing the waiver request and serving him with the complaint. As we have discussed, the lengthy delay, in and of itself, is a *prima facie* showing that plaintiffs failed to exercise reasonable diligence in serving defendant, shifting the burden to plaintiffs to provide a satisfactory explanation for the delay.

¶ 46    The circuit court may consider several factors to determine whether plaintiffs met their burden, including (1) the length of time used to obtain service of process, (2) plaintiffs' efforts to effect service, (3) whether plaintiffs knew where defendant could be served, (4) whether information regarding defendant's whereabouts easily could have been obtained, (5) whether defendant actually was aware of the lawsuit, (6) any special circumstances bearing on the reasonableness of plaintiffs' efforts to serve defendant, and (7) actual service on defendant. *Mular*, 2015 IL App (1st) 142439, ¶ 23. Further, before dismissing a cause "with prejudice" under Rule 103(b), the court also must determine that plaintiffs' failure to exercise reasonable diligence when serving defendant denied him the fair opportunity, while the facts were accessible, to investigate the circumstances upon which liability was predicated against him. *Segal*, 136 Ill. 2d at 288.

¶ 47    With regard to the first and second factors, we already have discussed plaintiffs' unexcused five-month delay in mailing the request for waiver of service under section 2-213(a) coupled with

the additional unexcused five-month delay in serving defendant after he failed to respond to the waiver request.

¶ 48    With regard to the third and fourth factors, plaintiffs knew of defendant's location and where to serve him at least six months prior to the service date of March 2, 2021, as his correct address in Florida was listed on the original summons issued in August 2020 and on the alias summons issued in February 2021.

¶ 49    With regard to the fifth factor, the circuit court found that plaintiffs offered no evidence that defendant knew the case was pending prior to the service of process on him in March 2021. Plaintiffs argue on appeal that the court ignored the evidence that about eight months earlier, on August 31, 2020, they had mailed defendant a request for a waiver of service notifying him of the cause of action, which he received on September 8, 2020. However, even assuming that defendant knew or should have known about this case prior to being served, that knowledge does not necessarily preclude dismissal under Rule 103(b). See, *e.g.*, *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 86 (2005) (the fact that the defendant "had notice of the lawsuit before being served did not preclude dismissal under Rule 103(b)").

¶ 50    With respect to the sixth factor, we already have discussed how the COVID-19 pandemic and the sheriff's office's temporary prioritizing of service in "essential cases" were not special circumstances excusing the delay of service under the facts of this case. Plaintiffs cursorily argue on appeal that the circuit court failed to properly account for two additional special circumstances, specifically, that (1) "the case was filed in Cook County where cases routinely pend for several years before coming to trial" and (2) that defendant rejected the waiver request by failing to respond to it within 30 days. However, plaintiffs fail to explain how the backlog of cases in the

Cook County court system and how defendant's rejection of the waiver of service request in any way prevented or excused them from timely serving defendant.

¶ 51    With respect to the seventh factor, defendant actually was served on March 2, 2021, almost one year after the filing of the complaint.

¶ 52    The circuit court concluded that "[t]hese seven factors convincingly establish that the plaintiffs failed to act diligently in attempting to achieve service of process" on defendant. The circuit court committed no abuse of discretion in so finding. The seven relevant factors considered by the circuit court showed that plaintiffs' unexcused five-month delay in mailing the waiver request, coupled with their additional unexcused five-month delay in serving defendant after he failed to timely respond to the waiver request, constituted a lack of reasonable diligence in obtaining service on him.

¶ 53    Plaintiffs argue that defendant was not prejudiced by the failure to exercise reasonable diligence in serving him, as there is no indication in the record that the delay between the filing of the complaint and the service of the summons caused any evidence to grow stale, any witnesses to become out of reach, or any memories to lapse so as to prevent him from investigating the facts and circumstances of the charge. As we discussed earlier in this opinion, to enter the "harsh penalty" of a dismissal with prejudice under Rule 103(b), the circuit court must find that plaintiffs' failure to exercise reasonable diligence in serving defendant so prejudiced him as to deny him the fair opportunity, while the facts still are accessible, to investigate the circumstances upon which liability is predicated against him. *Segal*, 136 Ill. 2d at 288. The dismissal order contains no indication that the circuit court made such a determination. In light of the circuit court's failure to consider this relevant factor, we reverse and remand for the court to consider whether plaintiffs' failure to exercise reasonable diligence in serving defendant so prejudiced him as to justify a

dismissal of their complaint "with prejudice." See *Martinez v. Erickson*, 127 Ill. 2d 112, 121-22 (1989) (reversing a Rule 103(b) dismissal and remanding for new hearing where the circuit court did not accord "adequate weight" to all relevant factors).

¶ 54 In addition, before dismissing plaintiffs' complaint with prejudice pursuant to Rule 103(b), the circuit court on remand must consider whether plaintiffs' failure to exercise reasonable diligence when serving defendant occurred before or after the expiration of the statute of limitations. Under Rule 103(b), dismissal with prejudice is mandated when a plaintiff's "failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations." Ill. S. Ct. R. 103(b) (eff. July 1, 2007). The dismissal must be without prejudice if "the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations." *Id.* To obtain a Rule 103(b) dismissal with prejudice, defendant bears the initial burden of demonstrating that the statute of limitations has expired before the burden is shifted to plaintiffs to prove that the limitations period had not expired on their claims. *Smith v. Menold Construction, Inc.*, 348 Ill. App. 3d 1051, 1058 (2004).

¶ 55 In the instant case, on August 31, 2021, when denying defendant's section 2-619(a)(5) motion to dismiss based on the one-year statute of limitations applicable to defamation and privacy claims, the circuit court indicated that there were unresolved questions of fact regarding when the limitations period expired. Specifically, the court stated: "There exist questions of fact as to when the plaintiffs first learned of the publication, the publication's scope, and whether subsequent publications in other formats constitute republishing outside the single-publication rule." However, despite the unresolved questions of fact regarding when the limitations period expired, the circuit court granted the Rule 103(b) motion to dismiss with prejudice two days later on

September 2, 2021. The court gave no explanation for why the dismissal order was entered with prejudice given that the August 31 order indicated that it did not know whether the complaint was filed before the statute of limitations expired. The court did not explicitly state that defendant met his burden of demonstrating that the lack of diligence in service occurred after the statute of limitations had expired.

¶ 56    About four months later, on December 30, 2021, the circuit court denied plaintiffs' motion to reconsider the dismissal order, stating that plaintiffs had not cited any new law or previously unavailable facts and that,

> "The plaintiffs' arguments do not address the basis for this court's ruling that they failed to serve [defendant] in a timely fashion and failed to avail themselves of forms of alternative service. As a result, [defendant] was not served with process until nearly one year after the plaintiffs filed their complaint, *by which time the statute of limitations had expired*." (Emphasis added.)

¶ 57    The court made no mention of the many unresolved questions of fact referenced in the August 31, 2021, order regarding when the limitations period expired.

¶ 58    The orders entered on August 31, 2021, September 2, 2021, and December 30, 2021, conflict with each other with respect to the issue of the expiration of the limitations period. The August 31, 2021, order denying the section 2-619(a)(5) motion to dismiss stated that numerous questions of fact exist that precluded the court from finding when the limitations period expired. The September 2, 2021, order granting defendant's Rule 103(b) motion "with prejudice" implicitly indicated otherwise, as such a dismissal order may be entered with prejudice only where the court determines that the lack of reasonable diligence in serving defendant occurred after the expiration of the limitations period. The December 30, 2021, order denying plaintiffs' motion to reconsider

explicitly conflicted with the August 31, 2021, order by stating that the statute of limitations "had expired" prior to plaintiffs serving defendant. However, the court never stated for the record the date on which the limitations period expired or how it came to that conclusion. Nor did it explain or even acknowledge the discrepancy between the August 31, 2021, order stating that many questions of fact exist precluding a finding of when the limitations period expired and the September 2, 2021, and December 30, 2021, orders indicating otherwise.

¶ 59     To determine whether the circuit court abused its discretion in dismissing plaintiffs' complaint with prejudice under Rule 103(b), we need clarification of its conflicting determinations in its August 31, September 2, and December 30 orders regarding whether or not there are unresolved questions of fact surrounding the expiration of the limitations period. If, as indicated in the August 31 order, questions exist so as to preclude the court from knowing when the limitations period expired, then the September 2 dismissal order should not have been with prejudice. A Rule 103(b) dismissal order only may be entered with prejudice when the court knows the date when the limitations period expired and that plaintiffs' failure to exercise reasonable diligence in serving defendant occurred after that date. See *Hebting v. Miller Brewing Co.*, 82 Ill. App. 3d 981, 983 (1980) (holding that "The express terms of Rule 103(b) indicate that a dismissal with prejudice is proper only when the failure to obtain service occurs after the expiration of the statute of limitations." (emphases omitted)); Ill. S. Ct. R. 103(b), Committee Comments (adopted June 5, 2007) (stating that a dismissal under the rule "shall be made with prejudice *** if the failure to exercise reasonable diligence to obtain service on the defendant occurred after the expiration of the applicable statute of limitations").

¶ 60     Accordingly, for all the reasons stated in this opinion, we affirm the circuit court's finding that plaintiffs failed to exercise reasonable diligence under Rule 103(b) in serving defendant. We

reverse the dismissal order and remand for the court to (1) decide whether defendant was prejudiced by plaintiffs' failure to exercise reasonable diligence when serving him and (2) reconcile its disparate findings and clarify whether outstanding questions of fact exist regarding when the limitations period expired. If the court finds, on remand, that no such questions of fact exist and that plaintiffs' lack of reasonable diligence in service occurred after the limitations period expired *and* prejudiced defendant, it may order the dismissal of plaintiffs' complaint with prejudice. If the court finds, on remand, that questions of fact remain such that it cannot determine whether the limitations period expired prior to the service of process and/or that defendant was not prejudiced, then the case may not be dismissed with prejudice under Rule 103(b).

¶ 61     For all the foregoing reasons, we affirm the court's finding that plaintiffs failed to exercise reasonable diligence under Rule 103(b) in serving defendant. We reverse the September 2, 2021, order dismissing plaintiffs' complaint with prejudice and remand for further proceedings consistent with this opinion.

¶ 62     Affirmed in part and reversed in part, cause remanded.

*Ollins v. Karl*, 2022 IL App (1st) 220150

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2020-L-003676; the Hon. John H. Ehrlich, Judge, presiding. |
| **Attorneys for Appellant:** | Ilia Usharovich, of Wheeling, for appellants. |
| **Attorneys for Appellee:** | Samuel Fifer, Taaj M. Reaves, and Gregory R. Naron, of Dentons US LLP, of Chicago, for appellee. |