2025 IL App (1st) 241232-U
Order filed: January 23, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-1232

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LARRY OLLINS, OMAR MUHAMMAD, CALVIN OLLINS, and MARCELLIA BRADFORD, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs, | ) ) | |
| (Larry Ollins and Omar Muhammad, Plaintiffs-Appellants), | ) ) ) | No. 2022-L-010035 |
| v. | ) ) ) | |
| PETER KARL, AMAZON. COM, INC., and TELEMACHUS PRESS, LLC, | ) ) ) ) | |
| Defendants, | ) ) | Honorable Scott McKenna and Maire A. Dempsey, |
| (Peter Karl, Defendant-Appellee). | ) | Judges, presiding. |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirmed the dismissal with prejudice of plaintiffs-appellants' complaint against defendant under Rule 103(b).

¶ 2    This is the second appeal in this case. Plaintiffs, Larry Ollins, Omar Muhammad, Calvin Ollins, and Marcellia Bradford, filed a complaint against defendants, Peter Karl, Amazon.com, Inc., and Telemachus Press, alleging defamation and the four privacy torts. On September 2, 2021,

the circuit court granted defendant-appellee (defendant) Karl's motion to dismiss the complaint against him with prejudice pursuant to Rule 103(b) (Ill. S. Ct. R. 103(b) (eff. July 1, 2007)) for plaintiffs' failure to exercise reasonable diligence to obtain service of process. The court made a finding under Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) that there was no just reason for delaying either enforcement or appeal of the dismissal order and stated that the case continued as to the remaining defendants. Plaintiffs timely filed their notice of appeal. We affirmed the circuit court's finding that plaintiffs failed to exercise reasonable diligence in serving defendant but remanded for reconsideration as to whether the dismissal should be with prejudice. See *Ollins v. Karl*, 2022 IL App (1st) 220150.

¶ 3    On remand, the circuit court dismissed plaintiffs' complaint against defendant with prejudice pursuant to Rule 103(b) on March 19, 2024, and made a Rule 304(a) finding there was no just reason for delaying enforcement or appeal of the order. Plaintiffs-appellants, Larry Ollins and Omar Muhammad, filed motions to reconsider, which the court denied on May 10, 2024, again with a Rule 304(a) finding. On June 10, 2024, plaintiffs-appellants filed a timely notice of appeal from the March 19, 2024, and May 10, 2024, orders. Plaintiffs-appellants contend that the court erred on remand by again dismissing their complaint against defendant with prejudice under Rule 103(b) and by denying their motions to reconsider. We affirm.

¶ 4    This case centers around defendant's publication of a novel based on the investigation into the murder of Lori Roscetti. The book was published either on March 29, 2019 (according to plaintiffs) or on March 20, 2019 (according to defendant) in the form of an audiobook, paper book, and digital book and sold on Amazon. Defendant came to Chicago to promote the book on June 10 and 11, 2019, which was when plaintiffs first learned that the killers in the novel were based

on them; plaintiffs contend that defendant's book essentially accuses them of the murder of Roscetti.

¶ 5 Plaintiffs filed their complaint on March 27, 2020, alleging defamation, false light invasion of privacy, public disclosure of public facts, appropriation of another's name and likeness, and intrusion upon seclusion. Five months later, on August 27, 2020, plaintiffs asked the circuit court clerk to issue summons to defendant at his address in Florida. The clerk issued the summons, leaving the date of service blank, to be filled in when the officer served defendant. On August 31, 2020, plaintiffs prepared a request for waiver of service that was delivered to defendant on September 8, 2020. Defendant did not complete or return the waiver within 30 days. On February 23, 2021, plaintiffs obtained an alias summons and engaged a private detective, who served defendant in Florida on March 2, 2021.

¶ 6 Defendant filed a motion to dismiss pursuant to Rule 103(b), which states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 7 The applicable statute of limitations for a claim of defamation and/or publication of matters violating the right of privacy is one year. See 735 ILCS 5/13-201 (West 2022). The statute of limitations runs from the date the allegedly defamatory material was published (*Ollins*, 2022 IL App (1st) 220150, ¶ 15), meaning that the limitations period here expired either by March 29, 2020

(according to plaintiffs' publishing date) or March 20, 2020 (according to defendant's publishing date).

¶ 8 On September 2, 2021, the circuit court granted defendant's Rule 103(b) motion, finding that plaintiffs failed to exercise reasonable diligence in serving him by waiting about five months from the initial filing of the complaint on March 27, 2020, before seeking the issuance of the first summons on August 27, 2020, and then mailing a request for waiver of service on August 31. Lack of reasonable diligence was further shown after defendant failed to respond to the waiver of service within 30 days. Plaintiffs waited an additional five months before obtaining an alias summons in February 2021 and serving it on defendant on March 2, 2021. The court stated in the dismissal order that "[g]iven the unreasonable delay in serving the defendant, the defendant's motion to dismiss must be granted with prejudice."

¶ 9 On plaintiffs' appeal, we affirmed the finding that plaintiffs failed to exercise reasonable diligence under Rule 103(b). *Id.* ¶ 60. We noted that in moving for dismissal under Rule 103(b), defendant bears the initial burden of making a *prima facie* showing that plaintiffs failed to exercise reasonable diligence in effectuating service after filing the complaint. *Id.* ¶ 35. Once defendant makes such a showing, the burden shifts to plaintiffs to provide a satisfactory explanation for the delay in service. *Id.* We held that plaintiffs' delay of almost one year in effectuating service of summons on defendant was sufficient to establish a *prima facie* showing of failing to diligently effect service. *Id.* ¶ 36. The burden then shifted to plaintiffs to provide a satisfactory explanation for the delay. *Id.* ¶ 45. We held that the circuit court committed no abuse of discretion in finding that plaintiffs failed to meet their burden. *Id.* ¶ 52.

¶ 10 However, we were unable to determine whether the dismissal should have been with or without prejudice. *Id.* ¶ 59. Such a determination centered on whether the lack of reasonable

diligence in serving defendant occurred before or after the limitations period expired. *Id.* If the lack of reasonable diligence in service occurred before the expiration of the one-year limitations period, the circuit court had the discretion under Rule 103(b) to enter the dismissal without prejudice. See Ill. S. Ct. R.103(b) (eff. July 1, 2007). If the lack of reasonable diligence in service occurred after the limitations period expired, the court was required by Rule 103(b) to dismiss the case with prejudice. *Id.*

¶ 11    We noted that the circuit court here issued contradictory rulings as to whether the limitations period expired prior to the effectuation of service. In one order, the court found that the limitations period had expired prior to service; in a separate order, the court found that there were unresolved questions of fact regarding when the limitations period expired. *Ollins*, 2022 IL App (1st) 220150, ¶¶ 55-59. Needing clarification of those conflicting findings in order to determine whether the court abused its discretion in dismissing plaintiffs' complaint with prejudice under Rule 103(b), we remanded for the court to determine whether plaintiffs had exercised reasonable diligence to obtain service on defendant prior to the expiration of the limitations period and to reconsider whether the dismissal order should be with prejudice. *Id.* ¶ 60.

¶ 12    On remand, defendant filed a memorandum in support of the Rule 103(b) motion to dismiss, arguing that the dismissal order must be with prejudice because the lack of reasonable diligence in service occurred after the expiration of the one-year limitations period in March 2020. In support, defendant noted that plaintiffs waited a full five months after the expiration of the limitations period to even attempt to obtain the summons in August 2020 and that plaintiffs waited a full year after the expiration of the limitations period before actually effecting service on him in March 2021. Defendant also noted that under the Uniform Single Publication Act (740 ILCS 165/1 (West 2022)), "[no] person shall have more than one cause of action for damages for libel or

slander or invasion of privacy or any other tort founded upon any single publication *** such as any one edition of a newspaper or book or magazine." Defendant argued that the publication of the book in various mediums was not a republication that retriggered the statute of limitations because the content of the book was substantially identical across all formats. See *Blair v. Nevada Landing Partnership, RBG, LP*, 369 Ill. App. 3d 318, 325 (2006) (republication can constitute a new cause of action if the publication is altered to reach a new audience),

¶ 13    Plaintiffs filed a response authored by their counsel, arguing for application of the discovery rule so as to toll the running of the limitations period until June 2019. Defendant replied that the discovery rule did not apply here and that even if it did, plaintiffs' service on him still was untimely, necessitating dismissal with prejudice under Rule 103(b).

¶ 14    On December 26, 2023, the circuit court granted plaintiffs' counsel's motion for leave to withdraw. On March 19, 2024, the court entered an order dismissing plaintiffs' claims against defendant with prejudice pursuant to Rule 103(b). The dismissal order with prejudice constituted a finding that plaintiffs failed to exercise reasonable diligence to obtain service on defendant prior to the expiration of the statute of limitations.

¶ 15    On April 17, 2024, plaintiffs-appellants Ollins and Muhammad filed their *pro se* motions to reconsider, arguing that the court erred in finding that service of the complaint was made after the statute of limitations expired and that their complaint should not have been dismissed with prejudice under Rule 103(b). On May 10, 2024, the circuit court denied plaintiffs-appellants' motions to reconsider.

¶ 16    Plaintiffs-appellants now appeal *pro se* from the March 19, 2024, dismissal of their complaint with prejudice pursuant to Rule 103(b) and the May 10, 2024, denial of their motions to reconsider. The other plaintiffs are not parties to this appeal.

¶ 17    We proceed to address the Rule 103(b) dismissal with prejudice. The granting of a Rule 103(b) motion is reviewed for an abuse of discretion. *Ollins*, 2022 IL App (1st) 220151, ¶ 34.

¶ 18    First, plaintiffs-appellants argue that defendant failed to meet his initial burden of showing that the limitations period expired prior to the effectuation of reasonable diligence in service. To obtain a dismissal with prejudice under Rule 103(b), defendant bears the initial burden of demonstrating that the lack of reasonable diligence in service occurred after the statute of limitations expired. *Smith v. Menold Construction, Inc.*, 348 Ill. App. 3d 1051, 1058 (2004). Once the initial burden is met, the burden is shifted to plaintiffs-appellants, who must establish that the limitations period did not expire prior to the effectuation of reasonable diligence in service or that there are questions of material fact that must be resolved. *Id.* at 1057-58.

¶ 19    Plaintiffs-appellants' contention that defendant failed to meet his burden is without merit. Defendant demonstrated below that the one-year limitations period set forth in section 13-201 began to run in March 2019 when the allegedly defamatory book was published and that it expired in March 2020, prior to the effectuation of any reasonable diligence in the service of summons. In fact, plaintiffs only sought the issuance of a summons in August 2020, five months *after* the expiration of the limitations period, and then waited about an additional seven months before effectuating service in March 2021. Defendant also countered plaintiffs-appellants' argument that the discovery rule applied, noting that the discovery rule tolls the limitations on a defamation action only where the publication was hidden, inherently undiscoverable, or inherently unknowable. See *Ciolino v. Simon*, 2021 IL 126024, ¶ 23. The book was not hidden as it was a mass-media publication available on public platforms. Defendant further pointed out that even if plaintiffs-appellants were correct in stating that the discovery rule tolled the running of the statute of limitations until June 2019, the one-year limitations period would have expired in June 2020,

which was still two months *before* plaintiffs-appellants sought the issuance of summons. Thus, defendant met his initial burden of showing that the limitations period expired prior to the effectuation of reasonable diligence in service, shifting the burden to plaintiffs-appellants to show that the limitations period had not expired or that there were at the very least questions of material fact as to whether the limitations period had expired.

¶ 20 Plaintiffs-appellants did not meet their burden. Plaintiffs-appellants' response to defendant's arguments below, and again on appeal, is that even though the book was a mass-media publication available on public platforms, they did not discover the defamatory nature of the book until June 2019, when defendant came to Chicago to promote the book. According to plaintiffs, the discovery rule tolled the running of the statute of limitations until June 2019, meaning that the limitations period expired in June 2020. However, even assuming that the discovery rule applied here and tolled the running of the limitations period until June 2019, plaintiffs-appellants' complaint would not be saved because they still did not seek service of process until August 2020, two months after the expiration of the limitations period under the discovery rule. On these facts, the circuit court committed no abuse of discretion on remand in dismissing plaintiffs-appellants' complaint with prejudice under Rule 103(b).

¶ 21 Next, plaintiffs-appellants contend that the circuit court erred by denying their motions to reconsider. The purpose of a motion to reconsider is to alert the court to newly discovered evidence not available at the time of the hearing, changes in the law, or errors in the court's application of the law. *Belluomini v. Zaryczny*, 2014 IL App (1st) 122664, ¶ 20. Generally, we review the circuit court's ruling on a motion to reconsider for an abuse of discretion. *Id.* However, where a motion to reconsider only asks the court to reevaluate its application of the law to the case as it existed at the time of judgment, our review is *de novo*. *Id.*

¶ 22    In their motions to reconsider, plaintiffs-appellants alerted the circuit court that they disagreed with its finding that reasonable diligence in service was effectuated after the expiration of the one-year statute of limitations. They pointed to no new newly discovered evidence or changes in the law. Accordingly, as the court was only asked to reevaluate its application of the law to the case as it existed at the time of judgment, our review is *de novo*. For all the reasons discussed earlier in this order, the circuit court committed no error in finding that the limitations period expired prior to the effectuation of reasonable diligence in service. Therefore, we affirm the denial of the motions for reconsideration.

¶ 23    Plaintiffs-appellants cursorily contend that their disagreements with their former counsel resulting in his withdrawal constitute a "special circumstance" somehow excusing their late service of process. Plaintiffs-appellants make no coherent argument and cite no pertinent authority in support thereof and have forfeited review. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 24    Next, plaintiffs-appellants argue that the circuit court denied them procedural due process by failing to "conduct an inquiry or otherwise address the issues raised in the motions to reconsider and the motion in response to the defendant's answer to the plaintiffs' motion to reconsider." Due process only requires that there be procedural fairness in the elements of notice and opportunity to be heard. *Milenkovic v. Milenkovic*, 93 Ill. App. 3d 204, 215 (1981). Plaintiffs-appellants here wrote and filed the motions to reconsider, had notice of defendant's response to those motions, and were afforded the opportunity to be heard on the motions and the response. Plaintiffs-appellants' disagreement with the circuit court's ruling does not amount to a procedural due process violation.

¶ 25    For all the foregoing reasons, we affirm the circuit court.

¶ 26    Affirmed.